Wash, J.,
delivered the opinion of the Court.
This was a suit commenced by the defendants in error, Hill & McGunnegle, by attachment against Oliver Hudson. The writ was served on William K. Rule,-of tiie firm of Scott & Rule, on the 24th day of August, in the year 1830, as garnishee. Interrogatories being filed, Rule answered for himself and Scott his partner, and staled that he ivas the acting partner of said firm; that on or before the 20th July, 1830, the said Scott & Rule purchased at auction and private sale, goods, wares and merchandize of said Hudson, to the amount of one thousand three hundred and forty dollars and thirty-nine cents, for which sum they, on the second day of August, in that year, executed their promissory note, (ante dated 20ih July, 1830, to correspond with the date of the purchase,) payable to the order of Jabez Warner, at the office of discount and deposite of the Bank of the United States, at St. Louis, three months after the date thereof; that said Warner for the accommodation of Scott & Rule, endorsed said note in blank, and that they delivered it to Hudson in payment for the goods purchased as above mentioned. Some few days after, Hudson absconded, taking with him, as Rule says he believed, the said note ; that it appears the said note was afterwards endorsed by Hudson or some other person, and discounted or deposited in the branch Bank of the United States at Boston ; that he knows not whether Hudson parted with the said note for a valuable eonsiderat ion, but thinks it probable; that when said note became due, viz., on 23d October, 3830, it was in the possession of the said office of discount and deposit in St. Louis, and that they still owe the said amount to somebody, and pray the Court to say what is the law in such cases, and to whom they may safely pay the money, and denies having any property of Hudson, or owing him any thing other than as above mentioned. The Circuit Court *65 rendered judgment against the garnishees, Scott & Rule, for $1340 39, the whole amount which they owed Hudson: and the amount of the judgment which the plaintiffs in the action, Hill & McGunnegle, had obtained against Hudson, the defendant, is but $560 27. It is contended that there is error in the judgment of the Circuit Court:
First. In giving judgment against the garnishee for more than the amount of the plaintiffs’ judgment against the defendant.
Second. That the plaintiffs ought to have shown, that at the time of the attachment of the debt by Hill & McGunnegle in the hands of the garnishees, Hudson had not transferred the note to any other person.
Third. That the note in question being negotiable, “is not the subject of attachment as against third persons to whom it had been passed by Hudson, without notice whether before or after the attachment served.”
First. The counsel for the defendants in error contends, that the judgment of the Circuit Court was rightly given for the whole sum found to be due from the garnishee to the defendants, because the defendants might perhaps be insolvent, and that in such “ case the plaintiffs might not be able to obtain the whole of their demand, and would be in no better situation than other creditors.”
The ninth section of the attachment law requires, that in case the plaintiff deny the truth of the garnishee’s answer, the Court or a jury, if one be required, shall inquire what is the true amount due from the garnishee to the 'defendant, &c. And that the Court, if the finding be against the garnishee, shall grant judgment against him in favor of the plaintiff, for the whole amount of the debts found to be due from him to the defendant, and the moneys, and the value of the goods and chattels, and effects, found or acknowledged to be in his possession, belonging to the defendant, with the costs of such inquiry. Although it cannot for a moment be admitted, that the legislative power intended that the plaintiff should recover from the garnishee more than he was entitled to receive from the defendant, yet it is plain that it is intended that the whole of the debts due from the garnishee to the defendant, as well as the value of the goods and chattels, found or acknowledged to be in his possession belonging to the defendant, is to be subjected to the payment of the plaintiff’s demand; but whether the demand of the plaintiffs is to be satisfied out of this fund to the exclusion of other creditors, is not necessary now to be said, inasmuch as there are no other claimants before the Court. The Court will not presume, that the note executed by th£ garnishee to the defendant, is worth less than its nominal value. The judgment of the Circuit Court then in this particular, appears to be correct, and the point is ruled for the defendants in error.
Second. This point and the third, may perhaps be disposed of more easily together than separately. In support of the ground here assumed, it is urged by the plaintiffs in error, that it is impossible for them to know whether at the time of serving the attachment they were indebted to the defendant Hudson, that he might have instantly parted with his interest in the note which they executed and delivered to him; that, therefore, the plaintiffs ought to have proved that the note was not assigned at the time when the attachment was served, and it was further contended that it could not have been the intention of the legislative power to subject this kind of paper to attachment ; this paper being transferable by delivery, and the maker of the note being by the law of the land, (for the law merchant has been decided to be such,) liable to the holder. The duty of the Courts is so to construe the laws of the that if *66 possible ihey may all stand; but if they cannot all stand, the last expression of the legislative will must stand good, and the former must yield. Another rule of construction is, that when the common law, and a statute law conflict, the common law must yield. It never could have been the intention of the 'Legislature, that the maker of a promissory note, whether transferable by assignment or delivery, should be held liable to pay the money to both the holder and the plaintiff in attachment. It remains then to inquire whether the terms used in the statute are sufficiently comprehensive to embrace this kind of property. The words used in the first section of the attachment law are, "attach the said defendant by all and singular his lands and tenements, goods, chattels, moneys, credits and effects.” The terms are, we think, sufficiently comprehensive to embrace the note in question.*
It being settled that the debt due by this note is such property as can be attached, the next question that arises is, whether the plaintiffs have given such evidence of the indebtedness of the garnishees, as to entitle them to a judgment. A majority of the Court is of opinion, that the plaintiffs in this action should have proved, that at the time the attachment was served on the garnishees, Hudson was the holder of the note. They not having done this, the Circuit Court, in the opinion of this Court, erred in rendering judgment against the garnishees. Its judgment is, therefore, reversed, and remanded for further proceedings in conformity with this opinion.