8   657
49a  544

## DAVIS, Garnishee of Fleming, *vs.* KNAPP & SHEA.

If the plaintiff denies the truth of the answer of a garnishee, it is incumbent upon him to prove that the answer is intrue. The law presumes the answer to be true, until the contrary is made to appear by the plaintiff.

### APPEAL from St. Louis Circuit Court.

McPherson, *for Appellant.*

Hickman, *for Appellees.*

No exception was taken at the time to the opinion of the court, in overruling the motion to dismiss, because the jury fee had not been paid, and the grounds upon which such motion was overruled has not been preserved; and if the Circuit Court erred in overruling said motion, and exceptions had been taken, the defendant should there have rested his case.— Revised Code, p. 464, sec. 20; 7 Mo. Rep., 250, 285; 4 Mo. Rep., 445; first part 8 Mo. Rep., 56; last part 8 Mo. Rep., 505.

The evidence shows that defendant, Davis, was indebted to Fleming between the 26th November, 1842, (the time of the execution of the summons on Davis,) and the 26th of January, 1843, when he (Davis) filed his answer. He is therefore responsible to the plaintiffs for any amount he owed or paid to Fleming between

these days, until plaintiff's judgment against Fleming was satisfied.—Sergeant on Attachment, 101, 2, 3.

The issue in this case was the indebtedness of Davis to Fleming, and the jury having found for the plaintiffs, upon the evidence, this Court will not reverse unless such finding was clearly against the weight of evidence.—6 Mo. Rep., 61.

TOMPKINS, J., *delivered the opinion of the Court.*

Knapp & Shea commenced an action before a justice of the peace of St. Louis county against John Fleming. Judgment was there obtained for sixty-one dollars, and execution was issued against him; but no property being found, John Davis was summoned as garnishee. Judgment was given for Knapp & Shea for seventy-five cents, against the garnishee, Davis. Knapp & Shea appealed to the Circuit Court, where they obtained judgment against Davis for the amount of their judgment first obtained against Fleming. From this judgmet of the Circuit Court, Davis appeals to this Court.

The answer of the garnishee, Davis, to the interrogatories filed before the justice, being decided to be insufficient by the Circuit Court, he again answered, that, "At the time of the service of the notice, he owed the defendant (Fleming) seventy-five cents, and no more, for labor done, which amount he had before tendered to the court, and asked to be discharged; and further stated, that he had not owed the defendant any other or greater sum since that time; that the defendant, Fleming, continued to labor for him after the notice was served, but required his wages weekly, in advance, which he had paid him all the time, in order to secure his services, and had not, at any time since the service of the notice, nor did he yet, owe the said defendant, Fleming, any other or further sum whatsoever," &c.

It appears, from the bill of exceptions, that the defendant moved the court to dismiss the case, because no certificate of the payment of the jury fees had been filed. This motion was overruled, and exception taken to the decision of the court.

On the part of the plaintiffs, Knapp & Shea, evidence was given, that Fleming, the defendant, was a hat finisher, and as such had been in the service of the garnishee, Davis, about the last of October, 1842, and continued in his service until the spring or summer; that Fleming's work was worth eight or ten dollars per week; that, on the 26th day of November, 1842, Davis came into the shop of the plaintiffs, where the witness was at work, and while there, Shea enquired of Davis how he had answered, and that Davis replied, that he had answered that he owed Fleming seventy-five cents; that he (Davis) paid Fleming his wages every Saturday; that [if] they had garnisheed him every week, they could have got their money.

Another witness, on the part of the plaintiffs, stated, that he was an apprentice of the plaintiffs; that he knew Fleming, and knew that he worked for said Davis at the time testified to by the last witness, and that his work was the finishing of hats; that he did not know the worth of Fleming's labor; that he was present at

the conversation between Mr. Shea and Mr. Davis—heard Davis say that he paid Fleming every Saturday; that he (Davis) had answered that he owed Fleming seventy-five cents, and that was all he (Davis) owed said Fleming.

. No other evidence was given.

The defendant then asked the following instructions:

1st, That the plaintiffs having denied the truth of the defendant's answer, it is necessary that they should show, by their evidence, that it is untrue; and if no such evidence is offered, they must find for the defendant.

4th, That if the defendant, Davis, paid Fleming for his labor weekly, in advance, he is not liable to the plaintiffs on account of such labor.

5th, That the mere fact of Fleming [being] in the employment of the defendant, is not sufficient to establish an indebtedness, as against the answer of the said defendant, Davis, without showing some other facts going to show such indebtedness.

The second and third are passed over, because the court gave them. The court refused the first, fourth and fifth instructions asked by the defendant, and gave the following: "The issue is indebtedness,·and not the truth or falsehood of the answer. If the garnishee, after process served on him, pay the defendant, such payments do not extinguish the indebtedness, so far as this process is concerned: but being in fraud of law, the garnishee is liable to pay the plaintiffs, as though he had never made the payments to the defendant." The·garnishee, Davis, excepted to the decision of the court, refusing to give the first, fourth and fifth instructions, and giving that last above-mentioned.

The errors assigned, and peculiar to this case are—

1st, That the Circuit Court ought to have dismissed the appeal for the reasons filed.

2d, That it erred in refusing the instructions asked.

3d, That it erred in giving the instruction of its own framing.

1. It does not appear on the record, that no certificate of the payment of the jury's fee had been filed. It is not stated in the bill of exceptions, that such certificate was not filed, but it is there stated that the defendant prayed the Circuit Court to dismiss the bill because none was filed, and the Circuit Court, for anything known by this Court, might have found such certificate on file. There is no error, then, committed by that court because it refused to dismiss the cause.

The first instruction prayed the Circuit Court to instruct the jury, that the defendant having answered the interrogatory on oath, it became the duty of the plaintiffs to prove the answer untrue, and if no evidence to that purpose is offered, they must find for the defendant. The 15th section of the act concerning attachments, page 86 of the Digest of 1835, gives the right to the plaintiffs to put the interrogatories to the garnishee, and if he fail to make full and direct answers on oath to the interrogatories, it is provided, by the 17th section of the same act, that the plaintiffs may take judgment against him by default or at the option of the plaintiff, &c. For what purpose could it be imagined that the law required the garnishee to answer such interrogatories? Surely not merely to satisfy the

idle and impertinent curiosity of plaintiffs. But the answer of the defendant, plain common sense would say, is to be presumed true, until the plaintiffs proved it untrue; that is to say, until they prove that Davis owes Fleming more than seventy-five cents.

But the Circuit Court said, the issue is indebtedness, and not the truth or falsehood of the answer.

If that answer be true, then there can be no indebtedness of the garnishee to the defendant Fleming, more than is admitted. Then, if the question be, whether Davis be indebted or not? it is equally true that the question whether the answer be true or false amounts to the same thing.

Again, the Circuit Court, in answer apparently to the fourth and fifth instructions asked by Davis, says: "If the garnishee, after process served on him, pays the defendant, such payments do not extinguish the indebtedness, so far as this process is concerned: but being in fraud of the law, the garnishee is liable to pay the plaintiffs as though he had never made such payments to the defendant. The fourth instruction prayed the court to tell the jury, that if the garnishee paid said Fleming for his labor in advance, he is not liable to the plaintiffs on account of such labor. Now, if it be true that Davis paid Fleming in advance for his labor, in such case Fleming would be indebted to Davis, and not Davis to Fleming; for, in such case, the payment made to Fleming by Davis would give Davis a claim on Fleming for a week's labor, and not go to extinguish an indebtedness of Davis to Fleming. But to avoid giving this fourth instruction, the Circuit Court assumes the very thing to be decided, to wit, that Davis was indebted to Fleming. There certainly was evidence on which an instruction might be demanded. In the first place, the answer of Davis is to be taken as true, until the contrary is proved: and although the first witness of the plaintiffs, by his evidence, rather impeached the truth of the answer, yet if the fourth instruction had been given, the jury might have given more credit to the answer, than to the testimony of this witness. The testimony of the second witness of the plaintiff is no way inconsistent with the answer of Davis. He states, that Davis said he paid Fleming every Saturday; but whether he paid him the Saturday before or after the services rendered is not said, and we may as well presume that it was paid before as after the services rendered, for, in all probability, the plaintiffs did not interrogate this witness more closely because they apprehended the result would be unfavorable to them.

The fifth instruction asked was useless, if the fourth had been given. But it was so reasonable, that no reason can be seen why it was not given.

The authorities in Sergeant on Attachments, cited by Mr. Hickman for the defendant, are founded on Pennsylvania statutes, which are broader than ours, expressly render the garnishee not only liable for what is due at the time of service of the garnishment, but for what is owing at the time of the answer to the interrogatories. But this is not that case; the garnishee paid the debtor in advance, in order to secure his services, and no fraud on the law, nor any illegality, is seen in such a course.

The judgment of the Circuit Court is reversed, and the cause remanded.