McBride, judge,
delivered the opinion of the court.
.Quarles and Thompson having obtained judgment in the Cooper circuit court, against Thomas Pearce, caused an execution to be issued thereon, directed to the sheriff of Chariton county, which was levied on some real estate and personal property of Pearce, and also service on William Porter, as garnishee, to appear at the next term of the Cooper circuit court, and answer such allegations and interrogatories, touching his indebtedness to Pearce, as might be exhibited against him by the plaintiffs. The service was on the 3d of August, 1844.
At the March term, 1845, of the Cooper circuit court, the plaintiffs filed their interrogatories against Porter, the garnishee, which, at the September term following, he answered.
The answer states substantially, that in the forenoon of the 3d of August, 1844, the respondent purchased of the defendant, Pearce, a tract of land, at the price of #800, to be paid on the 25th December, following, and executed and delivered to him his negotiable promissory note for the same—that in the afternoon of the same day he was summoned as garnishee; but, prior to the service of the garnishment, he has been informed and believes that his note was assigned and delivered by said Pearce, to one James Sharp, for a valuable consideration, and *79 that at the time he was summoned as garnishee, the legal title to his said note was in the said Sharp, and hence he was not indebted to said Pearce, at the time he was summoned as garnishee.
The answer further states, that on the 25th October, ,1844, -it was agreed by and between the said Pearce and one Joseph Combs, acting for and in behalf of the plaintiffs, that Pearce should pay the said plaintiffs $100; in consideration whereof, this affiant should be released from the garnishment, and not be required to answer the same, and that the sheriff of Chariton county should return the executions in his hands not served on respondent; thereupon the said Combs, on behalf of the plaintiffs, executed to the respondent a written release and discharge from the attachments, as he had the legal right to do. That after the making of the foregoing agreement, the respondent paid to said Pearce, who then had his note in possession, the full amount of said note, under the belief that he then had a right to pay the same.
A general replication was filed by the plaintiffs, putting in issue the truth of the affiant’s answer.
Upon the hearing of the evidence, the jury rendered a verdict in favor of the defendant; when the plaintiffs filed their motion for a new trial, which being overruled by the court, they excepted, and have brought the case to this court by writ of error.
To sustain the issue on their part, the plaintiffs introduced evidence, conducing to prove that the assignment made by Pearce to Sharp was fraudulent, and made for the purpose of hindering and delaying creditors ; and if Porter was not privy thereto, yet the circumstances attending the transaction, of which he had information, were sufficient to inform him of the fraud ; that Combs was not employed as agent or attorney, by the plaintiffs, and hence had no authority to make the agreement set out in the answer.
The defendant [also introduced evidence conducing to sustain the statéments made in his answer.
The plaintiffs prayed the following instructions to the jury:
1. That if the jury find from the evidence that Joseph Combs was a licensed attorney at law, and further find from the evidence in the cause, that the execution of Quarles and Thompson was placed in his hands as such attorney to have the debt, &c. therein specified, collected of the defendant, Pearce, and further find that the said Combs, as such attorney, delivered or caused said executions to be delivered to the sheriff of Chariton county, and that afterwards, and whilst said execution was in full life, the said sheriff summoned said William Porter, *80 as garnishee, upon said execution, to appear and answer interrogatories touching his indebtedness to the defendant in the execution, as is testi..fied by the sheriff, and that said Porter was at the time he was so summoned as garnishee, indebted to said Pearce, that the said Combs, by virtue of his authority as attorney at law, had no right to release or discharge him, the said Porter, from his liability to answer the plaintiffs interrogatories upon Such garnishment.
2. That in order to absolve or discharge said Porter from his liability to the plaintiffs, as garnishee, if he were indebted to Pearce, it devolves upon him, Porter, to prove that the plaintiffs, or Some person having power from them, or one of them, did discharge or release him, Porter, from his said liability as garnishee, to answer to the plaintiff's for debt orthe debts he may have owed the said Pearce,or so much thereof as would satisfy the debt, &c., mentioned in the said execution.
3. That Said Joseph Combs, as a licensed attorney at law, had no power or authority, as such, in behalf of the plaintiffs, to discharge said Porter, as garnishee, Or to release him as Such garnishee, as specified in said written release from him to said Porter.
4. That it devolves upon said garnishee to prove that said Combs had power and authority to make him, said garnishee, the release made to him by said Combs, and which was read in evidence to them.
5. That there is nothing upon the face of the release conducing to ■show that said Combs made the Same in any other capacity than as attorney at law for the plaintiffs in the execution.
6. That if the jury find from the evidence that the note was assigned by Pearce to Sharp with an intent to delay, hinder or prevent said plaintiffs in the execution, from recovering their debt mentioned in the execution from said Pearce, and that said Sharp had -notice or knowledge of such intent on the part of said Pearce, said assignment, so made by said Pearce, is void, as against the plaintiffs, if the jury find that plaintiffs were creditors of said Pearce at the time of said assignment.
7. That if the jury find that the note Was assigned without a valuable consideration from Pearce to Sharp, and that plaintiffs were creditors at the time of such assignment, that then the said assignment was void as against the plaintiffs.
8. That the mere fact that an endorsement may have been made by Pearce to Sharp, purporting to assign said note, yet if the same were not delivered by said Pearce to Sharp and accepted by Sharp, with an intent thereby to transfer or to have transferred to said . Sharp the debt *81 mentioned in said note, but with a view to delay, hinder, defraud, or to prevent the creditors of said Pearce from the collection of their lawful demands of him, said Pearce, that then such assignment is void as against the plaintiffs.
The court gave the first and third and refused the others.
The defendant prayed the following instructions :
1. The answer of the garnishee is presumed to be true until the contrary appears from the proof, and the jury are bound to find the answer to be true unless it is proved to them by the evidence given in the cause that it is untrue.
2. The question for the jury is, whether the defendant was indebted to Pearce, at the time of the service of the garnishment, and not whether he was afterwards so indebted ; and therefore if the jury believe that the promissory note had been at the time of the garnishment assigned to Sharp, and was then in his possession under such assignment, they ought to find the issue in relation to the indebtedness, for the defendant, even if they should believe that after the garnishment and before the payment, the note had been re-transferred to Pearce, and was then his property.
3. The transfer of the note by Pearce to Sharp, was valid, so far as Porter is concerned, even if made without any consideration, and if the jury believe that the note was transferred before the garnishment, and was then in Sharp’s possession, under the assignment, they ought to find their verdict upon the question of indebtedness, for the defendant, although they may believe that such transfer was made without any consideration whatever.
4. Upon the pleadings in the cause, the presumption is that Combs had authority to release the defendant, and it does not devolve upon the defendant to prove that he had such authority to warrant the jury in so finding, but they are bound to find their verdict upon the question of Comb’s authority, for the defendant, unless it has been proved to them by the evidence in the cause that Combs had no such authority.
5. The jury are not to inquire whether, as between Pearce and Sharp, the assignment of the note was in good faith, or to defraud creditors ; if they find that it was assigned before the service of the garnishment, it was binding on Porter, and he was indebted to Sharp, and not Pearce,, and they must find the issue as to the indebtedness for the defendant, Porter.
The court gave the instructions and the plaintiffs excepted.
This proceeding was had under the eighth section of the act of 1835., *82 to regulate executions, R. C. 254, -which provides that iC when a fieri facias shall issue and be placed in the hands of an officer for collection, if no sufficient property can be found in the county whereof to levy the amount due on said writ, it shall be the duty of the officer to summon, in writing, as garnishee, all such debtors of the defendant as the plaintiff, his agent or attorney shall direct, to appear in court at the return day of the fieri facias, to answer on oath such interrogatories as may be exhibited against him on the part of the plaintiff, touching his indebtedness to the defendant in the execution; and the like proceedings shall be had, and the like judgment rendered for or against the garnishee, as are or may be provided in case of garnishees, summoned in suits originating by attachment.” In suits by attachment, when the garnishee appears by virtue of the summons served upon him, the plaintiff files his interrogatories, calling upon the garnishee to disclose the manner and amount of his indebtedness to the defendant. If he answers, admitting his indebtedness to the defendant, and the plaintiff is satisfied with the answer, the court will render judgment against the garnishee for the same; but if in his answer he denies any indebtedness, or does not disclose the full amount owing by him to the defendant, the plaintiff may by replication to the answer denying its truth, upon which an issue is made, which is tried as ordinary issues between plaintiffs and defendants.
In the trial of ordinary issues, the plaintiff is required to make out his case by showing his right to recover as alleged, and a defendant may fold his arms and take no steps in the cause until a prima facie case is made against him in his adversary. Then, according to the letter of the act, the answer of the garnishee is to be taken as true until disproved. But, we apprehend that the answer, being under oath, it is entitled to even more weight; and before a plaintiff can recover against an answer, he must disprove it according to the ordinary rule of disproving an answer filed to a bill of discovery, as this court decided in 8 Mo. Rep. 657, 9 Ib. 640, 10 Ib. 103.
The answer of Porter having disclosed the fact that the note executed by him to Pearce, was a negotiable note, and had been transferred by endorsement and delivery to Sharp, before the service of process on him—two questions are raised by him, first, whether a debt due by a negotiable note is subject to attachment in the hands of the payor ; and second, whether the assignee should not have been brought before the court prior to any steps being taken against the maker.
To sustain the proposition that the promissor of the negotiable note *83 cannot he garnisheed, and that no proceedings can be had against him, where it is disclosed by his answer, that the note had been transferred, without bringing the assignee before the court. We are referred to 4 Mass. Rep. 508; 13 Ib. 215; 5 N. Hamp. Rep. 502; 5 Ark. Rep. 55; 8 Mo. 660; 9 Ib. 382 ; 10 Ib. 374. The three first authorities referred to settle what the law is. in Massachusetts and New Hampshire, and use very cogent reasoning to maintain its correctness ; but what the statutes of these States are on the subject, or whether the decisions are made upon principles, and to facilitate the circulation of that description of paper, we are not advised. The other cases have no bearing on the question, being cases not of negotiable paper, but where an effort was made to attach assets of dead men’s estates in the hands of their administrators, thereby impeding the speedy and due administration of the estates.
Whilst we are sensible of the difficulties that present themselves, in holding that debts, evidenced by negotiable paper, may be attached in the hands of the payor, to satisfy an execution debt of the payee, yet such appears to us to be the statutory provisions of this State, and s£j this court have decided in the case of Scott & Rule vs. Hill & McGunnegle; 3 Mo. Rep. 88, and St. Louis Per. In. Co. vs. Cohen; 9 Mo. Rep. 421; 3 Con. Rep. 27.
The statute prescribes no mode by which an assignee can be brought before the court, and have his rights litigated. But as the judgment is not conclusive against him, unless he has. notice and chooses to come in and interplead, he would have a right, at any subsequent time, before the money was paid over to the attaching creditor, to arrest the payment, or after payment, a right to his action, to recover it back; we apprehend no very serious injury could result to him.
It is next insisted for Porter, that the release executed by Joseph Combs, as attorney for the plaintiffs in the execution, was authority for him to pay the note to Pearce. The circuit court instructed the jury that if Combs executed the release as the attorney at law of the plaintiffs, he exceeded his authority as such, and his release was inoperative. Attorneys at law being entrusted with the management of their client’s causes, have necessarily extensive powers confided to them in the prosecution of causes to judgment, and after judgment, have a general direction and control of the execution, for the purpose of making the debt, but beyond this they cannot legitimately go; they have no right to compromise or compound, but where they are attorneys of record; they may receive the money on execution and their receipt therefor will *84 be binding on their client. In receiving the money, they act within the line of their employment, which was to obtain the debt or damages for their client; 7 Ben. Monroe 126, 6 Cowen 386.
How, or in what capacity this adjustment took place between Pearce and Combs, whether Combs acted as attorney at law, or attorney in fact for the plaintiffs, was a question for the determination of the jury, but acting in either capacity, to make his act obligatory on the plaintiffs, it was necessary for him to have had special authority express or implied from them.
The next objection which we shall notice, is raised by the answer of Porter, and involves the question of the sufficiency of the service of the notice on him by the sheriff of Chariton county. The objection, as we understand it, is, that in the one and same notice, Porter is summoned as garnishee to answer different defendants in five several executions. That is, there were five executions in the hands of the officer at the same time, in favor of different plaintiffs, but against the same defendant, Pearce, and but one notice of garnishment served on Porter, in which he was required to appear before the circuit court of Cooper county, on the first day of the next term, &c., to answer such allegations and interrogatories as might be filed against him by the plaintiffs, (setting out their several names among which are the names of these plaintiffs) in five executions, touching his indebtednes to the defendant, Pearce.
The object of giving the notice was to have the garnishee before the court, and obtain from him a disclosure of his entire indebtedness to the defendant, and whether the amount owing by him to Pearce, was claimed by one or more plaintiffs, upon one or more executions, appears to be measurably unimportant, as it would in neither event increase his liability. This proceeding cannot, in this particular, be assimilated to the service of process in an original action, and subject to the same particularity and precision. We therefore regard the service of the notice as substantially good.
Inasmuch as the court denied, by its instruction, the right of the plaintiffs to show that the assignment from Pearce to S.harp was made without consideration, and for the purpose of hindering, delaying or defrauding the creditors of Pearce, its judgment ought to be reversed.
And the other judges concurring, the judgment is reversed and the cause remanded.