COLCORD & HALL, Plaintiffs in Error, vs. DAGGETT, GARNISHEE, Defendant in Error.

1. It is well settled that the maker of a negotiable note may be summoned as garnishee of the holder.
2. The plaintiffs in an execution, who have recovered judgment against the maker of a negotiable note summoned as garnishee, will be liable to a third party, who proves to have been the real holder of the note at the time of the garnishment.
3. A deed of trust executed by the garnishee to the defendant in the execution, reciting that the former was indebted to the latter in the amount of a negotiable note which the deed was given to secure, *was held* sufficient evidence to authorize a judgment against the garnishee, his answer not positively denying that the defendant was the holder of the note, and no other person asserting a claim to it, at the trial, although it was then long past due.

*Error to St. Louis Court of Common Pleas.*

John D. Daggett, on the 20th of January, 1852, was summoned as garnishee on an execution in favor of Colcord & Hall against Solomon P. Sublett. At the return term, the plaintiffs in the execution filed allegations and interrogatories. They alleged that, on the 27th of June, 1851, the garnishee executed a deed to John J. Anderson, in trust to secure the payment of a note for $5000, made by the garnishee, payable twelve months after date to the order of Edward Stagg, and by Stagg endorsed to the defendant in the execution. Upon this allegation, they interrogated the garnishee as to his indebtedness.

The garnishee answered, denying any knowledge of his indebtedness to the defendant in the execution. He admitted the

36—VOL. XVIII.

execution of a negotiable note, payable to the order of Edward Stagg, endorsed by Stagg and secured by a deed of trust, but stated that the note and deed of trust were passed to John J. Anderson, from whom he received the money for them, and that he did not know who was the present holder.

Exceptions were taken to this answer and sustained. In an additional answer, the garnishee stated that the note to Stagg was made for the purpose of being negotiated and passed to John J. Anderson, for cash ; that, at the time of making the note, Anderson informed him that the money for it could be obtained from Solomon P. Sublett ; that he had no direct negotiation with Sublett in relation to the matter, and did not certainly know that the note was passed to him by Anderson, nor that he was, or ever had been the holder of it ; that to the best of his information and belief, the note was in the possession either of Anderson or Solomon P. Sublett ; that to the best of his knowledge, information and belief, the money advanced on the note by Anderson belonged to Andrew W. Sublett, and if the note was held by Solomon P. it was as agent of Andrew W.

The trial took place May 7th, 1853. The only evidence offered by the plaintiffs was the deed of trust, dated June 27, 1851. This deed recited that Daggett was justly indebted to Solomon P. Sublett in the sum of five thousand dollars, evidenced by a note payable to the order of Edward Stagg, and by him endorsed to Sublett, which the deed was intended to secure.

The court gave judgment for the garnishee, and the plaintiffs appealed.

*Glover & Richardson*, for appellants. 1. Under our former system of pleadings and practice, this court established the doctrine that the answer of a garnishee was evidence in his favor, and no judgment could be rendered against him till the answer was disproved. (8 Mo. Rep. 657. 9 ib. 640. 10 ib. 103. 12 ib. 76.) But the answer must have been a full and fair denial of the indebtedness charged, which the one in this case is not. 2. The pleadings in this case are governed

by the new code of practice, and the answer of the garnishee constituted no defence to the allegations and interrogatories of the appellants. The act concerning "garnishees," approved February 13, 1847, provides that the plaintiff, when he files interrogatories, shall also file a plain and distinct statement of the grounds on which he requires an answer; and the garnishee may then plead and defend himself as he might do, if sued by the defendant in the execution for the same cause of action. The 5th section of the 5th article of the new code of 1849, provides that the pleadings and proceedings in attachment cases, shall conform, as near as may be, to the new code of practice. The 6th section of the act concerning "executions," (R. C. 1845,) provides that the proceedings, in cases of garnishment originating on executions, shall be conducted in the same manner as in cases originating by attachment. The 12th section of the 7th article of the new code of 1849, provides that, when an answer neither contains a specific denial of an allegation or a denial of any knowledge thereof sufficient to form a belief, the same shall be taken as true. The allegations filed by the plaintiffs were not denied or rebutted by the answer of the garnishee. 3. If the answer of the garnishee was sufficient to put the plaintiffs to their proof, they were entitled to judgment upon the evidence offered.

*T. Polk*, for respondent. 1. The answer of the garnishee sufficiently denies his indebtedness to the defendant in the execution, and is evidence in his favor until disproved by the plaintiffs. 8 Mo. Rep. 657. 9 Mo. Rep. 48. 2. This being a negotiable note, the plaintiffs could not have judgment against the garnishee, as the maker, until they proved that Solomon P. Sublett was the holder at the date of the service of the garnishment. *Scott & Rule* v. *Hill et al.*, 3 Mo. Rep. 88. *Walden* v. *Valiant*, 15 Mo. Rep. 409. *Huff* v. *Mills*, 7 Yerg. (Tenn.) Rep. 42. *Turner* v. *Armstrong*, 9 Yerg. 412. 3. The maker of a negotiable note endorsed in blank and not due cannot be holden as garnishee. No one can tell who will be the holder when the note becomes due; it passes

by delivery. To allow the maker to be garnished as debtor of the payee or any subsequent holder, would at once arrest the negotiability and circulation of this kind of commercial paper.

SCOTT, Judge, delivered the opinion of the court.

1. It is well settled in this state, that the maker of negotiable paper is subject to garnishment, at the suit of a creditor of the holder of the note at the time of the service of the process.

2. The note in question was due in June, 1852. The trial of this cause took place in May, 1853. If any other person than Solomon Sublett had been the owner of the note, at the time the garnishment was served, he might have appeared at the trial and asserted his claim, which, if established, would have defeated the recovery of the plaintiffs. Now, considering the habits of men of business, the usual course of all men, can there be any doubt that if any other person than Solomon Sublett had been the owner of this note, his right to it would have been asserted? The spirit in which this controversy is carried on, is a guaranty to us that if there was another *bona fide* holder of the note, he would have been informed of this proceeding, and his claim would have been interposed. Daggett will be indemnified in paying the note to the plaintiffs, who will become liable to the real holder, should he prove not to be Solomon Sublett. If the garnishee should be satisfied that the debt did not belong to Solomon Sublett, at the service of the garnishment, and the true owner should appear, before the actual payment by him, he may, even then, take steps to arrest the proceedings of the plaintiffs. *Thompson* v. *Quarles*, 12 Mo. Rep. 76. *St. Louis Perp. Ins. Co.* v. *Cohen*, 9 Mo. Rep. 421. These suggestions are made to show the improbability that there is any other claimant of this note than Solomon Sublett, and the little danger there will be, in condemning the garnishee to pay the debt to the plaintiffs.

3. The answers of the garnishee are not positive. He does

not speak from his own knowledge, but from his information and belief. The solemn admission, made under his hand and seal, in the deed of trust, under circumstances which show that he was not likely to be deceived as to the ownership of the note, and as to whom it was payable, detracts from the weight of the answer, and taken in connection with the considerations above mentioned, are sufficient, in our opinion, to overthrow it.

The other judges concurring, the judgment will be reversed, and the cause remanded.