REAGAN, Respondent, *vs.* THE PACIFIC RAILROAD, Appellant.

1. The burden of proof is on the party seeking to subject a railroad company to liability as garnishee in a suit against a contractor, to show facts which would have enabled the contractor himself to maintain a suit against the company.

*Appeal from St. Louis Law Commissioner's Court.*

The case is stated in the opinion of the court.
*P. E. Burke* and *John Decker, Jr.*, for appellant.
*Lewis & Henning*, for respondent.

RYLAND, Judge, delivered the opinion of the court.

Reagan sued Matthew H. Ryan and John Powers, before a justice of the peace, by attachment, and garnished the Pacific

Railroad Company. He obtained judgment against the defendants, and also against the garnishee; from this judgment an appeal was taken to the law commissioner's court. The plaintiff recovered judgment on the appeal, which was, on motion, set aside, and a new trial ordered. The plaintiff again recovered judgment against the garnishee, who brings the case here by appeal.

Matthew H. Ryan and John Powers were contractors of the Pacific Railroad Company, under special contract to do the graduation and masonry on sections seven and eight of said road. This contract was made by them in the name of Matthew H. Ryan & Co. The contract was partly in writing and partly in print, and contained numerous specifications, or, more properly, sections under the general head of specifications. Some of these will be noticed as of importance, and others not, in this opinion.

" Sec. 40. Should the contractor, at any time after sixty days from the beginning of the contract, not be found to proceed with all or any sections of his work, in such a manner as to secure, in the opinion of the engineer, the entire completion of the work, on the said section or sections, within the time allowed by this contract, it shall be the duty of the engineer so to notify him; and should he not then, within ten days of the date of the said communication, make the necessary exertions and arrangements to compensate, in the opinion of the engineer, for previous negligence or inactivity, and to insure the fulfillment of his contract in due season, the engineer shall notify the president of the company and the first party to that effect, and the contract shall then be declared and considered null and void, and the engineer shall be at liberty to employ other persons to fulfill the contract, and finish all or any parts of the work of graduation, masonry or otherwise, on said section or sections, and the contractor shall be liable for any damage, or for any extra expense caused by his neglect to fulfill his engagements," &c.

" Sec. 41. In case of failure to fulfill the contract, the

usual percentage which has been retained, is hereby declared to be forfeited to the company as a penalty incurred in consequence of said failure ; and no moneys which may be due the contractor, over and above that percentage, shall be paid until the contract is completed ; and should the employment of other persons increase the cost of the work, such moneys shall be applied toward that additional cost," &c.

" Sec. 51. It is understood and agreed, that said Matthew H. Ryan & Co. shall take ten per cent. of the amount that shall become due and payable under this contract, in stock of the Pacific Railroad."

" Sec. 52. Payments, conditional on the true and faithful performance of this contract, will be made monthly, as the work advances, at the estimate of the engineer, reserving ten per cent. until the completion of the contract. These payments refer only to work completed, and it will be entirely discretionary with the company to make payments on account of materials delivered, but not applied permanently to the work for which they may be intended."

This contract was dated 24th December, 1851. The bill of exceptions shows that there was but one witness examined. He was the chief engineer of the Pacific Railroad Company. From his testimony, it appears that Ryan was the acting man ; that about the time of payment of July 10th, 1852, Ryan received the monthly estimate and something in advance, and disappeared from the work ; that the work stopped on account of Ryan's going away ; that Powers, Ryan's partner, came to the witness and offered to go on with the contract, if the ten per cent. retained, as per contract, was paid him. The witness agreed to give him the ten per cent. if he would apply it to the payment of the wages due the laborers for their last month's work on the sections contracted for by M. H. Ryan & Co. Witness also says that he required security for this. This was not agreed to, and the work was not resumed. Witness stated that he then considered the contract forfeited or abandoned. Another contract was afterwards made with other parties, at an

Reagan *v.* The Pacific Railroad.

increased price and cost to the company.   The amount of the ten per cent. stock retained, as per contract, at the time of the service of this garnishment, was $743 92.   This amount was actually due in stock for the work done by Ryan & Co., under the contract.   The witness stated that Ryan & Co. never finished the work contracted to be done by them.   The work was afterwards let out, and the company paid for it.   It cost some $1,500 more than it would have cost had Ryan & Co. finished their contract.   Witness said that he had not seen Ryan since he abandoned the work in July, 1852 ; that Powers agreed to complete the work under Ryan & Co.'s contract, with the exception of the advance of ten per cent.   The original article of agreement was also offered in evidence.

Upon this statement, substantially, of the facts, many instructions were given by the law commissioner.   We shall notice only one or two of them.

The 4th, as numbered by the record, as being asked by plaintiff, and given by the court, is as follows :

" The Pacific Railroad is bound to show that the terms of the contract between it and Ryan & Co. were not complied with, before they were empowered to forfeit that contract, and the said road is bound to show that said contract was forfeited exactly in the manner provided therein, before they can withhold any moneys due Ryan & Co. on account of said contract."

This instruction is erroneous ; it does not place before the jury the law of this case properly.   We presume the money here alluded to by the court below was the amount of the ten per cent. retained by the Railroad Company out of the monthly assessments.   Was it the intention of the plaintiff below, in asking this instruction, to have the court below declare that this contract could only be declared forfeited in the manner pointed out in the 40th section ?   Did that section provide against the contingency of Ryan's receiving the monthly estimates and something in advance thereto, and then absconding ?   Or does not Ryan's absconding and deserting his work put an end to the contract, so far as he is concerned ?   It surely put a stop

to the work, and in such an event, the company cannot be expected to hunt out Ryan and give him notice of their intention to declare the contract forfeited.

This instruction, too, requires the court to tell the jury that the Railroad Company cannot retain the ten per cent. on the monthly estimates, (for there was by the testimony before the court no other money in the hands of the company, in any manner due or belonging to Ryan & Co., on account of this contract, except this ten per centage,) unless the Railroad Company shall prove that the contract was forfeited exactly in the manner provided therein.

A few plain principles can settle this case. Ryan & Co. have been sued by Reagan, and the Pacific Railroad Company garnished as a debtor of Ryan & Co. Now, the testimony discloses a contract on the part of Ryan & Co. with the garnishee to do certain work on the railroad, according to a special agreement, embracing various stipulations. Now, unless the Pacific Railroad Company are liable to Ryan & Co., and unless the facts in proof would sustain an action in favor of Ryan & Co., against the Railroad Company, that company cannot be liable when garnished as a debtor of Ryan & Co. ; and the proof is on the part of those who would subject the company to this proceeding.

There is nothing worthy of notice on the record, in regard to the offer of Powers to go on with the contract, if the company would alter the terms of it, by advancing to him the ten per cent. retained by virtue of the original contract. He had a right to complete the contract ; not to change it.

The judgment of the court below is reversed, and the cause remanded ; the other judges concurring.