MALINDA BAMBRICK, Respondent, v. BAMBRICK
BROTHERS CONSTRUCTION COMPANY,
Garnishee, Appellant.

### Springfield Court of Appeals, December 5, 1910.

1. GARNISHMENT: Pleading. In the construction of section 2431, Revised Statutes 1909, it has been uniformly held that the issue raised by a denial and the reply are the sole issues to be tried. Like any other pleading the denial should contain averments of such special facts as would advise the garnishee of the particular issues of fact which he is expected to meet.

2. ———: ———. The object to be accomplished in proceedings by garnishment is to impound or appropriate a specified sum of money belonging to and due the defendant and owing by the garnishee, and the issue at the bottom of the proceedings is whether the garnishee is indebted to the judgment debtor in any greater sum than the amount admitted in his answer.

3. ———: ———: Answer. A garnishee's answer is insufficient when it does not state that the garnishee was not indebted to the defendant either at the time of the service of the garnishment or at the time of filing the denial.

4. ———: Notice: Debt Accruing Before Filing Answer. Under the provisions of section 2416, Revised Statutes 1909, where a notice of garnishment was served upon an employer to attach the wages of an employee, such wages though unearned at the time of the notice, but which were earned and accrued before the garnishee filed its answer, are subject to garnishment.

5. ———: Burden of Proof: Sufficiency of Evidence. The law indulges no presumption that the garnishee is liable, and when the garnishee denies an indebtedness the burden is upon the plaintiff to show the same, and in such case the plaintiff must show facts which would enable the defendant debtor to maintain a suit against the garnishee.

6. ———: Paying Salary in Advance: Effect of Agreement Made Before and After Service of Summons. Where a garnishee in its answer alleged that the defendant debtor was in its employ on a monthly hiring at a salary of $75 per month, under an agreement which made said salary payable in advance, held, that if such agreement to pay the salary in

Bambrick v. Bambrick Bros. Construction Co.

advance was not made until after the garnishment was served, and the garnishee, after such service, paid the same in advance, then the garnishee would be liable, for it could not relieve itself of the effect of the garnishment by making payments to the defendant before they were due after such service.

7.  ———: ———: ———. A garnishee in its answer alleged a monthly hiring of defendant by the garnishee, and in agreement to pay him for his services $75 per month in advance and that payments had been made according to agreement. *Held*, that if this answer was true and the hiring was only from month, to month, then there was no time between the date of the service of the garnishment summons, and the date of the filing of the answer, when defendant could himself have maintained an action against the garnishee, and in such case the plaintiff could not recover.

8.  ———: ———: ———: Instructions. On the question of a garnishee's liability where the answer alleges that the defendant was employed on a monthly hiring at a salary payable in advance, it is material whether the agreement to pay the salary in advance was made prior or subsequent to the service of the garnishment summons, and it is error for an instruction not to properly present this question for determination.

9.  ———: Right to Unearned Salary. It is a firmly established rule that a creditor will be denied the right to attach by garnishment the unearned salary of his debtor.

10. ———: Agreement to pay Salary in Advance: Defrauding Creditors. Although an agreement to pay wages in advance is not void, as a matter of law, yet if such agreement was made for the purpose of hindering the employee's creditors, and this is shown by the evidence, a recovery may be had against the employer in a garnishment proceeding.

11. INSTRUCTION: Garnishment: Referring to Garnishee's Answer. The garnishee's answer may be offered in evidence, but if it is not so introduced it is error to instruct the jury in regard to an agreement "as set out in the garnishee's answer," for in such case the jury would have no knowledge of the agreement as set out in the answer.

Appeal from St. Louis City Circuit Court.—*Hon. Jesse A. McDonald*, Judge.

REVERSED AND REMANDED.

*T. J. Rowe, Henry Rowe* and *Thomas J. Rowe, Jr.,* for appellant.

(1) The garnishee should have been discharged after its motion to strike out parts of plaintiff's denial of garnishee's answer had been sustained and plaintiff refused to plead further. R. S. 1899, sec. 621; Mumford v. Keet, 154 Mo. 36, 71 Mo. App. 535; MacAdam v. Scudder, 127 Mo. 345. (2) The decision of the trial court and judgment thereunder violates article 1, section 10, of the Federal Constitution, because it impairs the obligation of the contract between John Bambrick and appellant. Constitution of Missouri, sec. 15, art. 2; Helgert v. Asphalt Co., 173 Mo. 328. (3) The creditor can hold the garnishee only to the extent of the defendant's claim against the garnishee and can acquire no right against the latter except such as the defendant had. Firebaugh v. Stone, 36 Mo. 115.

*Frank A. Habig, E. G. Curtis, T. P. Young* and *F. A. MacManus* for respondent.

NIXON, P. J.—This was a proceeding on an execution in favor of Malinda Bambrick and against John Bambrick issued from the circuit court of the city of St. Louis returnable to the October term, 1906. On the return of the execution, on October 2, 1906, plaintiff filed certain interrogatories. On October 8, 1906, Bambrick Brothers Construction Company, a corporation, filed its answer, as garnishee, to plaintiff's interrogatories in which it was stated that the garnishee paid the defendant, John Bambrick, at the rate of seventy-five dollars per month for all services rendered by him to said garnishee, and that his wages is paid monthly in advance on the first day of each month. On October 23, 1906, plaintiff filed her amended denial to the garnishee's answer. On motion of the garnishee, a portion of it was stricken out, leaving, substantially, the following: Plaintiff states that she obtained a judg-

ment against the defendant, John Bambrick, on the 6th day of March, 1899, for support and maintenance whereby it was ordered that he pay to the plaintiff the sum of fifty dollars for the first month, and the further sum of twenty-five dollars a month thereafter, but that defendant had paid nothing on said judgment. It is alleged that John Bambrick is the president of the Bambrick Brothers Construction Company, garnishee herein, and received a monthly salary of three hundred dollars; that the said garnishee has entered into an agreement with the said John Bambrick and pays him in pursuance thereof seventy-five dollars per month, in advance; that the balance of his said salary of three hundred dollars per month is paid to other officers of the garnishee for his use; that the agreement entered into between the garnishee and the said John Bambrick to pay the said John Bambrick the sum of seventy-five dollars per month in advance, as set out in garnishee's answer, was made with a fraudulent intent to defraud plaintiff out of her claim against the defendant and hinder and delay and defraud plaintiff in the collection of said claim; that the garnishee had full knowledge at the time it entered into said agreement of such indebtedness and made and entered into said agreement for the purpose of defrauding the plaintiff in the collection of her debt. That John Bambrick had been in the employ of the garnishee as president since the 5th day of September, 1905. Plaintiff asked judgment against the garnishee for the sum of twelve hundred dollars. There was also a second count as to stock having been issued to the defendant and dividends paid on account of such stock, but as on the trial no claim was made under this count, it is unnecessary to set it out.

On December 13, 1906, the garnishee filed a reply to the amended denial, as follows: (Caption omitted.)

"Defendant for a reply to the amended denial of

its answer herein denies each and every allegation
therein contained.

"For further reply defendant says that there is
another action now pending in Division One of the cir-
cuit court of the city of St. Louis, Missouri, wherein
Malinda Bambrick, the plaintiff herein, is plaintiff,
and the Bambrick Brothers Construction Company,
garnishee of John Bambrick, are defendants, said case
being number 42101, for the same cause of action as
the one alleged in the reply herein.

"Wherefore, the garnishee herein prays to be dis-
charged hence with its costs."

At the trial, the court, at plaintiff's instance, gave
the following instruction:

"The court instructs the jury that in case you
find and believe from the evidence that John Bam-
brick entered into an agreement to receive a salary of
seventy-five dollars a month payable monthly in ad-
vance, *as set out in the garnishee's answer,* for the
purpose of defrauding plaintiff out of her claim against
him and for the purpose of preventing him from sub-
jecting his salary to the payment of her said claim;
and that this purpose was known to the garnishee,
Bambrick Brothers Construction Company, at the
time it made the agreement to pay him his salary in
advance; and that the garnishee entered into said
agreement for the purpose of assisting him in said
fraudulent purpose; then in that case you shall find
a verdict in favor of the plaintiff upon the first count
of her denial for such sum as you shall find from the
evidence the garnishee paid to the said John Bambrick
as salary between the 28th day of June, 1906, the date
of the service of the writ of garnishment, and the 8th
day of October, 1906, the date upon which said gar-
nishee filed its answer herein, under said agreement."

The principal contention on this appeal is that
the plaintiff's amended denial fails to state a cause of

action against the garnishee, and that the court erred in giving the instruction for the plaintiff, over appellant's objection.

The rules of pleading in garnishment proceedings are prescribed by our statute, section 2431, Revised Statutes 1909, as follows: ". . . In all cases where the answer of the garnishee is denied, the denial shall contain, specially, the grounds upon which a recovery is sought against the garnishee; and the garnishee shall be entitled to a reply, and the issue or issues made up on the denial and reply shall be the sole issue or issues tried, and the issue or issues shall be tried as ordinary issues between plaintiff and defendant." In the construction of this section it has been uniformly held that the issues raised by the denial and the reply are the sole issues to be tried. [Dodge v. Knapp, 112 Mo. App. 513, 87 S. W. 47; Holker v. Hennessey, 141 Mo. 527, 42 S. W. 1090.] Like any other pleading, the denial should contain averments which should set forth such special facts as would advise the garnishee of the particular issue of fact which he is expected to meet. The object to be accomplished in proceedings by garnishment is to impound or appropriate a specified sum of money belonging to and due the defendant and owing by the garnishee, and the issue at the bottom of the proceedings is whether the garnishee is indebted to the judgment debtor in any greater sum than the amount admitted in his answer. Hence, it is fundamental that the denial should state whether there is any indebtedness due from the garnishee to the debtor, so that this issue of fact may be presented by the denial.

In this case, the garnishee, in its answers to the plaintiff's interrogatories, denied any indebtedness, the fourth answer being,—"that it pays the said John Bambrick at the rate of seventy-five dollars per month for all services rendered by him to said company, and that his said wages is paid monthly in advance

on the first day of each month." Section 2416, Revised Statutes 1909, provides as follows: *"Effect of notice of garnishment.*—Notice of garnishment, served as provided in this article, shall have the effect of attaching all . . . money, . . . of the defendant in the garnishee's possession or charge, or under his control at the time of the service of the garnishment, or which may come into his possession or charge, or under his control, or be owing by him, *between that time and the time of filing his answer; . . . ."* Under this statute, wages of a debtor which were unearned at the time of the notice but which were earned and accrued before the garnishee filed its answer, are subject to garnishment. [Dinkins v. Crunden-Martin W. Co., 99 Mo. App. 310, 73 S. W. 246; Barnes v. Waltke & Co., 135 Mo. App. 488, 116 S. W. 7.]

At the trial of this case, the only liability of the garnishee—under the evidence adduced by the plaintiff—upon which a recovery was sought was as to the salary of seventy-five dollars a month. The evidence showed that John Bambrick had been connected with two companies, the first one being known as the Bambrick-Bates Construction Company, which had gone out of business, and the other as the Bambrick Brothers Construction Company, which had been organized as a corporation by the same parties and had taken up and carried on the business of the former company. That John Bambrick was the president of the corporation and was receiving for his services the sum of seventy-five dollars per month. The question was a controverted one as to whether his agreement with the corporation as first made was that his salary of seventy-five dollars per month should be paid in advance, or after the services were rendered.

The evidence tended to show that the service of the notice of garnishment was on June 28, 1906, and the garnishee filed its answer on October 8, 1906. The payment of the defendant's salary immediately be-

fore the garnishment was on the 7th day of June, 1906, and payments of salary after that time were made in advance; that is, his salary for July, seventy-five dollars was paid on June 30th; for August, on August 1st; for September, on September 1st; for October, on October 1st; by which it was made clear that prior to the service of the garnishment, payments had not been made in advance, but that after the service of the garnishment, an arrangement was made by which his salary was payable and was actually paid in advance. There was testimony, however, offered by the garnishee, that the agreement for the payment of the salary in advance had existed from the time of the formation of the garnishee as a corporation.

The law indulges no presumption that the garnishee is liable, and liability must be made to affirmatively appear in order to justify a verdict. In this case, the garnishee having denied any indebtedness, the burden of showing such indebtedness on the part of the garnishee to the debtor devolved upon the plaintiff; and the plaintiff, in order to subject the garnishee to a liability denied by it, must show facts which would enable the defendant to maintain a suit against the garnishee. [Quarles v. Porter, 12 Mo. 76; Smith v. Heidecker, 39 Mo. 157; Holton v. South Pac. R. Co., 50 Mo. 151; Reagan v. Pacific R. Co., 21 Mo. 30.] The plaintiff in execution to recover must prove the indebtedness in the same manner as the defendant would be compelled to do had he sued the garnishee. [Karnes v. Pritchard, 36 Mo. 135.]

Of course it follows that if before the service of the writ of garnishment, a bona fide contract between the garnishee and the judgment debtor was entered into which effected the liability of the accountability of the garnishee to the defendant, the garnishment would also be effected and rendered subordinate to such contract. In this case, the issue material to the decision of the controversy between the parties was

as to whether the agreement to pay the seventy-five dollars monthly salary in advance was made prior or subsequent to the date of the service of the garnishment. If such agreement to pay in advance was not made prior to such service and the garnishee, after such service, paid the same in advance, it was subject to garnishment. The salary of the defendant might be attached in the hands of the garnishee as soon as earned though before it became due, but the garnishee cannot relieve itself of the effect of the service of the notice of garnishment by making payments to the defendant before they were due, after such service. [Ely v. Blacker, 20 So. 570; Goodwin v. Clayton, 49 N. E. 173.] But it is the firmly established rule that a creditor will be denied the right to attach by garnishment the unearned salary of his debtor. [Thomas v. Gibbons, 15 N. W. 593; Reinhart v. Empire Soap Co., 33 Mo. App. 24.]

The garnishee's answer in this case states a monthly hiring of the defendant by the garnishee and an agreement to pay him for his services seventy-five dollars per month in advance. If this answer was true, and the hiring was only from month to month, then there was no time between the date of the service of the garnishment summons and the date of filing the answer when the defendant himself could have maintained an action against the garnishee. The language in the case of Reinhart v. Empire Soap Co., supra, is applicable here: "We certainly cannot say that as a matter of law an agreement to pay wages in advance is void. If the agreement was made for the purpose of hindering the defendant's creditors, this fact must be shown in some manner by the evidence. A judgment cannot rest on mere suspicion of fraud. As was intimated in Fay v. Smith, 25 Ver. 610, slight circumstances might be sufficient to show that the contract was put in this form to embarrass creditors." The theory of plaintiff's recovery as developed at the

trial was that there had been a change of the contract between the parties after the service of the garnishment by which an arrangement had been made between the garnishee and the judgment debtor for the fraudulent purpose of defrauding plaintiff out of her claim against the defendant and fraudulently putting the salary out of the reach of the process of the court. If the case had been tried upon this theory and proper instructions given, a recovery by the plaintiff could have been sustained at law.

The garnishee in this court has challenged the sufficiency of the plaintiff's denial in that it does not state that the garnishee was indebted to the defendant at the time of the service of the garnishment or at the time of filing the denial. As we have stated, this was a material allegation that the denial should have contained.

The garnishee has also challenged the sufficiency of the instruction given by the court for two reasons, first, because said instruction authorized a recovery provided the jury believed from the evidence that John Bambrick entered into an agreement to receive a salary of seventy-five dollars a month, payable monthly in advance, "as set out in the garnishee's answer." The garnishee's answer, under our law, would have been competent evidence and might have been offered as such. [Smith v. Heidecker, 39 Mo. 157.] But in this case it was not offered as such and did not become evidence. The jurors had no knowledge of its contents and could not know what agreement John Bambrick entered into "as set out in the garnishee's answer." We think this portion of the instruction was erroneous. Furthermore, it is to be noted that the instruction does not present to the jury the question as to whether the contract of the garnishee and John Bambrick by which he was to receive a salary of seventy-five dollars per month, payable monthly in advance, was made prior or subsequent to the ser-

vice of the notice of garnishment. We think the instruction contained material error in not presenting this question for the determination of the jury. And, while as to the recital in the instruction as to what was set out in the garnishee's answer, of itself, had there been no other error, might not have authorized a reversal of the judgment in this case, the other errors in the record to which attention has been called were material and for which the judgment is reversed and the cause remanded. All concur.