1. Garnishment 13
Where defendant can maintain no action against garnishee for money garnished in his hands, plaintiff cannot maintain action.
2. Garnishment 114
Garnishment action can be maintained against garnishee who permits defendant to stay constantly in debt to garnishee so that at no time would defendant have any amount due him over and above his indebtedness, subject to garnishment, and who at same time permits defendant to draw his salary without regard to such indebtedness.
3. Garnishment 114
Wages of debtor due at time of service of summons to garnishee, or earned between that date and date of filing answer, are subject to garnishment.
4. Garnishment 130
Option to declare debt due must have been exercised before garnishment in order to be availe as set-off.
5. Evidence 589
Trial court can disbelieve any part or all of evidence of either party.
6. Appeal and error 854(2)
Appellate court should affirm judgment, if posse on any theory.
7. Appeal and error 846(2, 5)
If there is any substantial evidence to support judgment, there being no finding of fact or declaration of law, judgment is conclusive.
8. Garnishment 130
Judgment debtor's employer could not escape garnishment on ground that salary was applied to debtor's indebtedness to employer, where employer had delivered valuable merchandise to debtor, and salary due debtor at time of service of garnishment notice had not been applied on debtor's debt to employer.
9. Garnishment 177
In absence of prior order to pay over amount found for benefit of plaintiff, judgment entered against garnishee was premature, and would be reversed and remanded with directions to comply with provisions of statute relating to proceedings to be had where garnishee is found to be indebted to defendant (Mo.St.Ann. §§ 1402 – 1415, pp. 1619 – 1625).
Ralston Purina Company, who will be known herein as plaintiff, sued Fred M. King, who will be known as defendant, and obtained a judgment. Garnishment proceedings were instituted against King an employee of King Motor Company, a corporation. King Motor Company will be referred to as garnishee.
This cause of action was founded on a valid judgment rendered in a justice court, May 28, 1935. No appeal was taken, and on July 2, 1935, execution was issued there-on, which was returned unsatisfied. On August 21, 1935, notice and summons to garnishee was served, to which it answered on September 3d, "Nothing due defendant," and that defendant was heavily indebted to it. Plaintiff filed denial of the answer, admitting, however, that defendant was indebted to garnishee, but alleging that no offset had been taken by it. On September 24, 1935, another notice and summons to garnishee was issued, to which garnishee answered, "Nothing due defendant," and that defendant was heavily indebted to garnishee; and plaintiff filed, denial of said answer. Upon a hearing the justice found against garnishee and it appealed to circuit court, where, a jury being waived, the court found "that at the time of the service of the two garnishments in the Justice of the Peace Court the King Motor Company, a corporation, garnishee herein, was indebted to the defendant, Fred M. King, in the sum of $167.50, * * * and "that plaintiff do have judgment *Page 735 
against the King Motor Company, * * * in the sum of $167.50 and costs in the Justice Court, and costs of appeal and have execution therefor."
Mr. Nelson, secretary of garnishee, testified for plaintiff that defendant is president of King Motor Company, draws a salary of $350 per month, paye on the first of each month, but that no credit was made on account thereof until the last day of the month; that defendant owed garnishee, on August 31, 1935, $2,116.59, and in July prior thereto he owed on the books $2,454; in June prior, $2,212; that he had owed a larger amount, beginning in 1929, and that the amount had fluctuated up and down since then; he had not drawn any salary in cash since July, 1935, which had been paid the 1st of July; and beginning with August, 1935, and continuing until date of trial, which was February 28, 1936, his account had been credited each month with the amount of his salary, $350, and a few small items for gasoline and repairs had been charged against him; that the account against defendant had been about $2,000, a year previous to July, 1935, and had fluctuated up and down since. He first began leaving his salary there in August, 1935; he had left his salary for the months of August, September, October, November, and December, 1935, and January, 1936, totaling $2,100, and owed at the beginning of this period $2,116. But his account on the date of trial showed a balance due garnishee from defendant of $1,411.90.
It was shown that two new automobiles had been delivered to him and his account charged; and that other merchandise had been charged to his account after the summons and notice had been served, the same procedure that had obtained prior to judgment. After judgment was rendered and execution issued thereon, defendant drew no more salary checks, but they were credited to his account, although prior to that time, including the month of July, he always drew his salary checks in full on the first of the month. Perhaps, as president and manager, he caused the secretary to exchange the method of bookkeeping after execution was issued in July, and, instead of drawing cash, he drew merchandise. This inference could have been drawn by the trial judge.
[1-4] The rule is that, where the defendant can maintain no action against garnishee for the money garnished in his hands, the plaintiff can maintain none. State ex rel. Kennedy et al. v. Harris,228 Mo.App. 469, loc. cit. 475,69 S.W.(2d) 307 (K.C.); Funkhouser v. Eveland,3 Mo.App. 602. But there are many exceptions to this rule. Eyerman v. Krieckhaus, 7 Mo.app. 455, loc. cit. 457. One such exception is where garnishee permits defendant to stay constantly in debt to it, so that at no time would defendant have any amount due him over and above his indebtedness, subject to garnishment, and at the same time permits defendant to draw his salary without regard to said indebtedness. Dinkins v. Crunden-Martin Wooden-ware Co., 99 Mo.App. 310, loc. cit. 319, 73 S.W. 246. We see no difference in principle as between payment of salary in cash and delivery to defendant of value merchandise. From all the facts in evidence, the trial court could have found this to be the situation in this case. Wages of debtor due at the time of service of summons to garnishee, or earned between that date and date of filing answer, are subject to garnishment. Bambrick v. Bambrick Bros. Const. Co., 152 Mo.App. 69, loc. cit. 75, 132 S.W. 322. At the time of service of first notice, $350 was due defendant and had not been applied on his debt to garnishee; and the same is true of second notice. And option to declare a debt due must have been exercised before garnishment in order to be availe as a set-off. Wolfley v. Wooten et al., 220 Mo.App. 668,293 S.W. 73.
[5-8] The trial court could disbelieve any part or all of the evidence of ether party. And appellate court should affirm the judgment, if posse, on any theory. Maxey v. Railey Bros. Banking Co. et al. (Mo.App.K.C.) 57 S.W.(2d) 1091. If there is any substantial evidence to support the judgment, there being no finding of fact or declaration of law, it is conclusive on this court. LaBaddie Bottoms Rivers Protection Dist. v. Randall (Mo.App.) 68 S.W.(2d) 871. We hold against garnishee on this point.
[9] The judgment entered against garnishee was premature, there not having been any prior order to pay over the amount found for the benefit of plaintiff. Panagos et al. v. General Cigar Co. (Mo.App.K.C.) 268 S.W. 643, loc. cit. 645; Roberts v. Meck (Mo.App.K.C.) 45 S.W. (2d) 537, loc. cit. 538; sections 1402 – 1415, R.S. Mo. 1929 (Mo.St.Ann. \Sigma\\Sigma\ 1402 – 1415, pp. 1619 – 1625). In such case the judgment will be reversed and the cause remanded, *Page 736 
with directions to the trial court to comply with provisions of section 1415. R.S.Mo. 1929 (Mo.St.Ann. § 1415, p. 1625), before entering final judgment. Walkeen Lewis Millinery Co. v. Johnson et al.,130 Mo. App. 325,109 S.W. 847.
Judgment is reversed, and the cause remanded, with directions to proceed as above indicated.
CAMPBELL, C., concurs.
PER CURIAM.
The foregoing opinion of SPERRY, C., is adopted as the opinion of the court. Judgment is reversed and cause remanded, with directions to proceed as above indicated.
All concur.
 *Page 1094