Elayne WEINER (Plaintiff), Respondent,

v.

SHREDDED STEEL PRODUCTS, INC., Garnishee of Bernard Weiner (Defendant), Appellant.

No. 30375.

St. Louis Court of Appeals.

Missouri.

April 19, 1960.

Shifrin, Treiman, Agatstein & Schermer, Gerhard J. Petzall, St. Louis, for appellant.

George M. Cohn, Morris B. Kessler, St. Louis, for respondent.

BRADY, Commissioner.

The respondent obtained a divorce from her husband, and in the decree granting that divorce the trial court provided that the husband was to pay respondent's attorneys' fees. He failed to do so. On September 26, 1958, a garnishment was served upon the appellant together with interrogatories to ascertain whether or not appellant had any property belonging to the husband, or whether appellant was indebted to him in any way. The garnishment was returnable on the second Monday of January, 1959. The appellant filed answers to the interrogatories on February 13, 1959, by which it denied that it was in any way indebted to the husband, but did set forth that at the time of service of the writ of garnishment the husband was associated with the company, although he discontinued that association a short time after the service of the writ, and that at the time he severed his connection with appellant " * * * it was agreed that he was entitled to salaries amounting to $3,091.11, which was the balance of the amount of the salaries due him up to the date of his severance and it was agreed that said amount would be paid to him at the time the company was sold or changed hands. At this time no sale has been made nor has any change of management been effected." On that same day,

the respondent filed her denial of the garnishee's answer, stating that the garnishee's answer to Interrogatory No. 4 as set out above admitted an indebtedness owed to the husband by the appellant in the amount of $3,091.11 and prayed for an order of the court directing the appellant to pay the amount of $529 and costs into the registry of the court. On March 6, 1959, the appellant filed its amended answer to plaintiff's interrogatories and by the amended answer, in response to Interrogatory No. 1, dealing with the possession, custody or charge of any goods, chattels, moneys, credits or effects belonging to the husband, stated that he was the owner of 170 shares of the capital stock of appellant, and that said stock had never been delivered to him but is in the possession of the appellant's officers and directors subject to the terms and provisions of a voting trust agreement dated August 15, 1957. By its amended answer to Interrogatory No. 2, which inquired of any indebtedness of the appellant to the husband, the appellant stated that it was indebted to the husband for back salary in the amount of $3,091.11, which debt was evidenced by a written memorandum of agreement dated November 26, 1958, providing that the appellant should issue its non-negotiable promissory note to the husband for that amount, and that the note was to mature at the time the company was sold. The payment of the note was alleged to be subordinated to the payment of all outstanding debts owed by the company, and the appellant stated that the note had not then been executed by the officers of the corporation and issued to the husband.

On March 6, 1959, the trial court heard the oral arguments of counsel on the denial of appellant's answer and the motion to require appellant to pay the fund into the registry of the court. On April 17, 1959, the court issued its order sustaining the respondent's motion and when appellant failed to comply therewith, the trial court, on May 1, 1959, entered a judgment against the appellant for $529 with inter-est and costs, for failure to so comply. The appellant filed a timely motion for rehearing and new trial, and upon the court overruling the same, the appellant has perfected this appeal.

The appellant contends that the court prejudicially erred in sustaining respondent's motion because: (1) the indebtedness which the respondent sought to attach was contingent and under our law, a contingent debt is not subject to garnishment; (2) the indebtedness of appellant to the husband was not to mature until a future date and under the law of this state, no execution can be issued against the garnishee until the debt owing to the husband actually had become due.

We do not believe the debt of appellant for respondent's husband falls in the category of a debt not yet due. Appellant admitted the debt was due. It is only the payment thereof that was attempted to be deferred by the agreement of November 26, 1958. The record does not disclose the agreement of November 26, 1958. All that is said about it are the matters pleaded by appellant in its amended answer to interrogatories. Pleadings do not prove themselves except as to the admissions made therein. Fleming v. Joseph F. McMahon Contracting Corporation, Mo. App., 45 S.W.2d 952. Morrison v. Painter, Mo.App., 170 S.W.2d 965. All this court can consider, since there is no proof of any matter pleaded in the interrogatories, is the admissions made therein. It follows that while the record shows there was an agreement entered into between appellant and respondent's husband under date of November 26, 1958, and that the obligation of the appellant thereunder has not been fully executed, the terms or provisions of that agreement are not a part of this record and cannot be considered by us. However, the fact that there was such an agreement could have no bearing on the question before us, and while we do not rule the point because the terms of that agreement are not before us, we do not think the re-

sult would be different if they were. The agreement is dated November 26, 1958, and the service of the writ was made on September 26, 1958. By service of the writ of garnishment, all moneys due the respondent's husband which were in the appellant's hands at that time, or those that might come into appellant's hands between that date and the date of appellant's answer (Jan. 13, 1959) were attached. Section 525.040, RSMo 1949, V.A.M.S.; Ferneau v. Armour & Co., Mo.App., 303 S.W.2d 161; Ralston Purina Co. v. King, Mo.App., 101 S.W.2d 734. Even though this record does not show how much, if any, money was owed to respondent's husband by appellant on September 26, 1958, when the writ was served, it does show that well before the date of appellant's answer it owed respondent's husband $3,091.11, a sufficient sum to pay the amount due respondent. In McEwen v. Sterling State Bank, 222 Mo.App. 660, 5 S.W.2d 702, Edith McEwen had a sum of money on deposit with the defendant, and on September 25, 1925, she gave, for a valuable consideration, an assignment in writing for the whole of said sum to the plaintiff who, on that same day, presented the said assignment to the defendant and demanded payment. The defendant refused payment on the ground that it had been summoned as garnishee on April 11, 1925, in a case between one, Spore, and the said Edith McEwen. The court held that after service of the writ of garnishment, Edith McEwen could not assign the debt due her from the bank to the plaintiff so that the plaintiff might collect it. The court stated, 5 S.W.2d at loc. cit. 706:

"It will be remembered that the assignment was made after the service of the garnishment upon the bank and with full knowledge by plaintiff's attorney of the pendency of the garnishment proceedings. It is well settled in this state that the object of garnishment proceedings is to impound or appropriate a specific sum of money belonging to and due defendant and owing by the garnishee. Bambrick v. Bambrick Bros. Const. Co., 152 Mo. App. 69, 74, 132 S.W. 322. *After the service of the garnishment writ the debt or property in the hands of the garnishee is regarded as in custodia legis, and he becomes custodian of the property for the purpose of the garnishment. His duty is to retain the fund or property even against the true owner, to be disposed of in accordance with the order of the court. The garnishee is a mere stakeholder and must not do any voluntary act to the prejudice of either plaintiff or defendant. 28 C.J. 259, 260. He cannot pay the principal defendant in the suit nor can the latter collect the debt from the former. 28 C.J. 253, 254. We think that it follows as a matter of course that the defendant in such a case cannot, after service of the writ of garnishment, assign the debt to some other so that the latter may collect it."* (Emphasis added.)

In the same vein, we hold that after service of the writ of garnishment on September 26, 1958, neither the appellant nor the respondent's husband could impair the lien secured by the garnishment by such an arrangement or transaction or contract as was attempted between them in this case. We think this is especially true where, as in the instant case, the contract or arrangement or agreement between the appellant and respondent's husband has never been fully executed on both sides.

▆ The appellant is correct in its statement of the law to the effect that respondent could enforce no claim against the appellant that respondent's husband could not enforce, or reach assets in possession of the appellant that her husband could not recover, but the question is one of time, and the time that rules is the date of service of the garnishment. It is clear that at any time between September 26, 1958 and November 26, 1958, the respondent's husband could have enforced his claim against the

appellant and could have recovered the amount owed him from them.

It follows that the judgment should be affirmed, and the Commissioner so recommends.

PER CURIAM.

The foregoing opinion of BRADY, C., is adopted as the opinion of the court. The judgment of the circuit court is, accordingly, affirmed.

ANDERSON, Acting P. J., RUDDY, J., and SAM C. BLAIR, Special Judge, concur.