**TOM HOULIHAN MEN'S WEAR, a Corporation, Plaintiff-Respondent,**

v.

**John WILKERSON, Defendant,**

**American National Insurance Company, a Corporation, Garnishee Defendant-Appellant.**

No. 32266.

St. Louis Court of Appeals.

Missouri.

Sept. 20, 1966.

Hocker, Goodwin & MacGreevy and Edward K. Fehlig, St. Louis. for appellant.

Arthur Litz, St. Louis, for respondent.

CLEMENS, Commissioner.

This is a garnishment action against the defendant's employer in aid of execution. The decisive issue is whether the employer is liable as garnishee when it had already paid its employee more money, than he had earned. The trial court gave plaintiff a judgment against the employer-garnishee, and it appeals. The case was tried without a jury on these stipulated facts:

The plaintiff had gotten a $150 consent judgment on its account against defendant John Wilkerson, who worked as an insurance salesman for the garnishee on a commission basis. For some time the garnishee had been advancing Wilkerson $100 a week as a drawing account against future earned commissions. At the time plaintiff summoned the garnishee, Wilkerson was overdrawn by more than $4,500, and the garnishee immediately stopped paying him. By its answer the garnishee had stated that "all commissions and other compensation of any sort is presently being credited" to the overdraw. (This stipulation is unexplained. It implies that the defendant would later become entitled to commissions on money the garnishee received from time to time, but that these commissions would be retained by the garnishee and applied to reduce the defendant's overdraw account.) Shortly after the garnishment proceeding began, the defendant was adjudged bankrupt.

Since the case was tried without a jury and was submitted on stipulated facts, our duty on appeal is to consider the case on the law and the stipulated facts, and to reach the result the trial court should have reached. Civil Rule 73.01(d), V.A.M.R.;

Gruenewaelder v. Wintermann, Mo., 360 S. W.2d 678[1]; Pashalian v. Big–4 Chevrolet Co., Mo.App., 348 S.W.2d 628[1].

The garnishee now claims error in the adverse judgment. First, it reasons that since it was not indebted to Wilkerson, it was not liable to the plaintiff in garnishment.

■ Garnishment in aid of execution is an incidental remedy whereby a plaintiff seeks to collect a judgment by reaching the defendant's property in the hands of a third party. Nacy v. Le Page, 341 Mo. 1039, 111 S.W.2d 25[5], 114 A.L.R. 259; 38 C.J.S. Garnishment § 1; §§ 525.010 and 525.040, V.A.M.S.

■ In applying this remedy, courts have established a general rule that the liability of a garnishee is measured by its liability to the defendant. Thus, if the garnishee owes the defendant nothing, then (if there is no fraud or collusion) the garnishee is not liable to the defendant's creditor. See Stevenson v. McFarland, 162 Mo. 159, 62 S.W. 695; Spengler v. Kaufman, 46 Mo.App. 644; and cases collected in 14 Mo.Digest, Garnishment, ☞13 and 105. The rule applies to an employer who is not indebted to its employee. Weiner v. Shredded Steel Products, Inc., Mo.App., 334 S.W.2d 390[5]; Cusick v. Cusick, Mo.App., 201 S.W.2d 437[1]; and Sheridan v. Short, Mo.App., 237 S.W.2d 230(1).

The plaintiff concedes this rule but contends that this case fits established exceptions. Plaintiff cites two cases to fix liability on the garnishee: In Bambrick v. Bambrick Bros. Const. Co., 152 Mo.App. 69, 132 S.W. 322 and 140 S.W. 1193, the court upheld the sufficiency of plaintiff's pleading where she alleged that *after* garnishment was served, the employer-garnishee began paying the defendant-employee's salary in advance for the purpose of *defrauding* the plaintiff. In Ralston Purina Co. v. King, Mo.App., 101 S.W.2d 734, the defendant-debtor was president of the garnishee-corporation. He owed the garnishee money on a large account, but despite this debt he had continued to draw his salary regularly. *After* the garnishment was served, the defendant stopped drawing his salary but continued to draw its equivalent in salable merchandise. Those two cases stand in marked contrast to the case before us. Here, it is stipulated that upon service of the garnishment, the garnishee immediately discontinued payments to the defendant. And here, fraud or collusion is neither pleaded nor proved, nor implied in the briefs.

■ This case does not fit the cited exceptions, and the general rule applies. Since the garnishee owed the defendant nothing, it is not liable to the plaintiff. The judgment should have been in favor of the garnishee.

Further, the garnishee argues that the trial court erred by failing to sustain its objection that jurisdiction over plaintiff's assets had passed to the bankruptcy court. The result we have reached relieves us from ruling the point.

The judgment against the garnishee must be reversed.

PER CURIAM.

The foregoing opinion of CLEMENS, C., is adopted as the opinion of this court. Accordingly, the judgment is reversed.

WOLFE, P. J., and ANDERSON and RUDDY, JJ., concur.