**STATE ex rel. BERBIGLIA, INC.,
a Corporation, Relator,**

**v.**

**Honorable Alvin C. RANDALL, Judge, Sixteenth Judicial Circuit, Respondent.**

**No. 52877.**

Supreme Court of Missouri,
En Banc.

Jan. 8, 1968.

Rehearing Denied Feb. 12, 1968.

George L. Gisler, Kansas City, for relator; Gisler, Howell & Simms, Kansas City, of counsel.

James, McFarland & Trimble, by Walter R. James, North Kansas City, for respondent.

HENLEY, Judge.

This is an original proceeding in prohibition. Relator seeks to prohibit respondent from taking any action to enforce a judgment entered January 17, 1967, alleged to be void because it altered or changed a final judgment entered August 4, 1966, from which an appeal had been taken and was pending in this court. The provisional rule was issued March 14, 1967, and we determine that it should be made absolute.

It appears from the allegations of the petition for the writ, respondent's return, and relator's reply that the facts are not controverted. The petition alleges that in December, 1963, relator, as plaintiff, filed a suit in the circuit court of Jackson county against William T. and Elizabeth E. Poteet (hereinafter referred to as defendants) to cancel a fifteen-year lease dated November 7, 1961 (and for damages), wherein defendants were lessors and relator was lessee; that defendants filed an answer in the nature of a general denial and a counterclaim praying that the court declare the lease valid and binding upon relator; that City Bond and Mortgage Company (hereinafter referred to as intervenor), owner of an assignment of defendants' interest in the lease made to se-

cure a $75,000 loan for construction of the building leased to relator, was permitted to intervene as a party defendant and filed answer.

The petition for the writ further alleges that the suit was tried before the court in July, 1966; that on August 4, 1966, respondent made and filed his findings and conclusions, and entered a decree in favor of relator. The decree is as follows:

"It is the judgment of the Court that plaintiff has been deprived of the beneficial use of the leased premises described in Defendants' Exhibit No. 1, the lease between plaintiff and defendants, and that it has been so deprived of the beneficial use by the defendants, or at their instance or consent. Thirty days is a reasonable time for plaintiff to vacate the premises. Therefore, the Court declares that the lease should be and is voided from and after 30 days from this date.

"The costs of this action are assessed against defendants." The court found against relator on the issue of damages.

The petition for the writ further alleges that on August 18, defendants and intervenor filed separate motions for new trial; that the motions, not having been passed on within 90 days, were overruled by operation of law on November 16. Civil Rule 78.04; § 510.360.[1] The petition further alleges that defendants did not appeal from the judgment entered August 4, but that on November 25, intervenor appealed to this court.[2]

The petition further alleges that on December 14, 1966, after the August 4, judgment had become final as to defendants and while intervenor's appeal therefrom was pending, defendants filed a motion to set aside the August 4, findings and judgment and to dismiss plaintiff's (relator's) petition on the grounds that relator had failed to vacate the premises within 30 days after August 4, and had thereby waived its right to have the lease declared void; that over relator's objection, respondent, on January 17, 1967, without setting aside the August 4, findings and judgment entered an order (hereinafter referred to as an order or the second judgment) as follows:

"It is the judgment of the Court that plaintiff has waived its right to abandon the leased premises and avoid further obligations under its lease by reason of the constructive eviction found by this Court to exist in its order of 8–4–'66. Final judgment is hereby entered in favor of defendants and against plaintiff."

The petition further alleges that relator filed a motion to reconsider and set aside the second judgment on the same grounds stated in its objection made before and during the hearing on defendants' December 14, motion: that is, that the August 4, judgment was final as to defendants, that intervenor's appeal therefrom was pending, and, therefore, the court was without jurisdiction to enter the second judgment; that relator's motion was heard and respondent, by letters to counsel, advised that it would be overruled and the second judgment permitted to stand, unless this court should direct otherwise. The petition further alleges that relator has, since the judgment of August 4, remained in possession of the premises [3] and perform-

---

1. References to rules are to Rules of Civil Procedure and V.A.M.R.; references to sections of statutes are to Revised Statutes of Missouri, 1959, and V.A.M.S.

2. Intervenor's appeal, docketed as our case number 52,657, was still pending here when this proceeding was argued and submitted on October 3, 1967; it was dismissed October 24, 1967.

3. By relator's reply to respondent's return, its brief and through oral arguments of counsel the court is informed that relator vacated the premises in April, 1967, and defendants have relet the premises to another tenant for the balance of the original lease term at the same rental.

ed all of its obligations under the lease "* * * so as to maintain the status quo of the parties * * *" pending disposition of intervenor's appeal, and a definitive final determination resolving their respective obligations and rights under the August 4, and January 17, judgments; that defendants have instituted an unlawful detainer action against relator based on the void second judgment; that relator will be subjected to a multiplicity of actions and counter-actions[4] by defendants, and will suffer irreparable injury, unless this court by its writ prohibits respondent from taking any action in the premises, except to rescind the second judgment; and, that relator has no adequate remedy at law.

By his return respondent admits: (1) that the two judgments above quoted were entered on the dates mentioned; (2) that motions for new trial were filed by defendants and intervenor and overruled by operation of law on the date above stated; (3) that intervenor appealed to this court from the August 4, judgment but that defendants did not appeal; and (4) that defendants on December 14, filed a motion to set aside the first judgment, and that relator, after January 17, filed a motion to set aside the second judgment. Respondent denied generally all other allegations of the petition, and alleged: (1) that the judgment entered August 4, did not dispose of all issues and substantive rights between the parties, and was conditional in that the relief it granted relator was subject to the condition that relator make restitution of the leased premises to defendants within thirty days thereafter; (2) that relator had admitted it had not vacated the premises within thirty days; (3) that the judgment entered August 4, was not

final but was interlocutory; and, (4) that he had jurisdiction to enter the judgment of January 17, and thereby settle and finally dispose of the substantive rights of and equities between the parties.

The question whether a particular judgment, or decree in equity, is final or interlocutory most frequently arises as a question of appealability, and most of the cases cited in the briefs and those found by us involve that question. However, we are not concerned here with that particular question. We are concerned primarily with two other aspects of the finality of a judgment or decree. We note that a judgment may be characterized as final in one sense or for some purposes and not in another sense or for other purposes; that a judgment may be regarded as in suspension for some purposes and not for others.[5] For example, a judgment or decree final for the purposes of appeal is most certainly not final in the sense that it is conclusive on the parties until the losing party has failed to appeal within the time allowed by law, or, having appealed, until the appeal is determined; and, although it is not final in that sense because an appeal is pending, yet during that period it may be final in the sense that the court from which the appeal was taken has exhausted its authority and is without jurisdiction to change, vacate or modify the judgment, or to enter another judgment. Berry v. Chitwood, Mo., 362 S.W.2d 515, 517 [1, 2], 13 A.L.R.3d 1185; Boyd v. Logan Jones Dry Goods Co., 335 Mo. 947, 74 S.W.2d 598, 600 [8]; State ex rel. Maple v. Mulloy, 322 Mo. 281, 15 S.W.2d 809, 813 [3–5]; Cox v. Frank L.

---

4. The court is also informed by relator's reply, its brief and by oral argument of counsel that subsequent litigation between relator and defendants consists of (1) the above-referred-to unlawful detainer action; (2) a suit by relator to enjoin prosecution of the unlawful detainer action; and, (3) an action by defendants to recover $17,500 as expenses incurred

and losses sustained by them in leasing the premises to the second tenant.

5. See Moss v. Kansas City Life Insurance Company, (8th Circuit, CA), 96 F.2d 108, 112 [4], a Missouri case wherein the court discusses fully the several aspects of finality of judgments and decrees.

Schaab Stove & Furniture Co., 332 Mo. 492, 58 S.W.2d 700, 701 [3, 4]; Lee's Summit Building & Loan Ass'n v. Cross, 345 Mo. 501, 134 S.W.2d 19, 22 [2–7]; State ex rel. Mason v. Schmoll, Mo.App., 37 S.W.2d 972, 973 [1]; State ex rel. Templeton v. Seehorn, Mo.App., 208 S.W. 2d 789; Thompson v. Hodge, Mo.App., 348 S.W.2d 11, 14 [7]; 49 C.J.S. Judgments § 11b, p. 39.

■ In 30A C.J.S. Equity § 582, pp. 647–649, it is said: "A decree is final when it fully decides and disposes of the whole merits of the cause, and leaves no further questions therein for the future judgment of the court, although ministerial or administrative action may be necessary in order to settle the details of the litigation, or in the course of the execution of the decree, and although there are express orders or reservations in this regard. * * * In order to be final the decree must be complete and certain * * *; it must show intrinsically and distinctly, and not inferentially, that the matter has been adjudicated; it must contain the sentence of the law. * * * The court cannot, by its subsequent action, divest a decree of its character of finality. A final decree is not rendered interlocutory by the retention of the case on the docket, or by the subsequent rendition of another decree therein." Irwin v. Burgan, 325 Mo. 309, 28 S.W.2d 1017, 1021 [7, 8]. The decree entered August 4, 1966, fully decided and disposed of the whole merits of the cause between relator, defendants and intervenor; it left no questions for future judgment of the court; it was neither interlocutory nor conditional in any respect; it was a final decree. Moreover, defendants and intervenor recognized its finality by filing motions for new trial and by appeal to this court.

On January 17, 1967, when respondent purported to enter the second judgment, the motions for new trial had been overruled by operation of law, and intervenor

had appealed from the first judgment. Prior to that date the first judgment had become final for all purposes as between relator and defendants. Respondent had exhausted his authority and was without jurisdiction to change, alter or modify the August 4, judgment, or to enter another.

We hold that respondent exceeded his jurisdiction in entering the January 17, judgment and that it is void and should be stricken from the record.

■ Moreover, the entry of the January 17, judgment without vacating the first, had the effect of leaving the cause with two judgments. In Irwin v. Burgan, supra, l. c. 1021, the court quoted with approval from 1 Black on Judgments (2d Ed.) §§ 24, 304, as follows: "'"There cannot be two final judgments in the same action." * * * "It has been held that the entry of a second judgment in the same action is not a vacation of the first judgment, if there is nothing further to show that such former judgment was regularly canceled or set aside. 'When a judgment is once entered of record, it must stand as the judgment unless it is vacated, modified, or disposed of by some means provided by law. Entering additional judgments is not one of them.'"'"

■ In connection with his contention that the August 4, judgment was interlocutory in that it did not settle all the equities between the parties, respondent asserts that relator failed to vacate the premises within thirty days after August 4, as required; that relator thereby failed to do equity and has waived its right to insist upon the finality of that judgment. There is no merit in this contention, or in respondent's oral argument here that in entering the January 17, judgment he was merely "construing" the August 4, judgment. As between relator and defendants the August 4, judgment was not final until the motions for new trial were overruled and the time had expired for defendants to appeal; as between relator and intervenor it

was not final until the latter's appeal was dismissed. Civil Rule 78.02; State ex rel. Mason v. Schmoll, supra. Until the judgment became final by disposition of the motions and the subsequent appeal, relator could not, with impunity from liability for the rent reserved by the lease, vacate the premises, because until final disposition there remained the possibility that the judgment could be set aside, first, by respondent on the motions, and second, by this court on appeal. Boyd v. Logan Jones Dry Goods Co., supra, 74 S.W.2d 1. c. 600. A supersedeas bond would not have availed relator anything on intervenor's appeal. The motions and the appeal had the effect of suspending, postponing or holding in abeyance the finality of the judgment as against the parties until final disposition of the appeal.

It remains for us to pass on respondent's contention that prohibition is not the proper remedy; that he has entered the January 17, judgment and "there is nothing to prevent;" that if anything the judgment is merely "erroneous" for which relator has an adequate remedy by appeal. It is a well-known general rule, requiring no citation of authority, that prohibition cannot be substituted for a remedy by appeal. But the right of appeal must be an adequate remedy before its availability will preclude resort to prohibition. We have held herein that respondent exceeded his jurisdiction in entering the second judgment and that it is void; however, there is nothing to prevent its enforcement, and its use in other litigation, except by granting the relief relator seeks by this proceeding. In view of the nature of the rights involved, the disposition of which has been too long delayed, it is evident that the remedy by appeal is inadequate. State ex rel. Maple v. Mulloy, supra; State ex rel. Templeton v. Seehorn, supra.

The provisional rule in prohibition heretofore issued is made absolute.

All concur.