MAX STOVALL CONSTRUCTION COM-
PANY, A Missouri Corporation, and
Stovall Block and Brick Company, A
Missouri Corporation, Plaintiffs-Re-
spondents,

v.

VILLAGER HOMES, INC., A Missouri
Corporation, Defendant,

Larry C. Harris and Cynthia G. Harris,
Garnishees-Appellants.

No. 48236.

Missouri Court of Appeals,
Eastern District,
Southern Division.

Dec. 18, 1984.

Motion for Rehearing and/or Transfer to
Supreme Court Denied
Jan. 22, 1985.

Application to Transfer Denied
Feb. 26, 1985.

James R. McHaney, Cape Girardeau, for
garnishees-appellants.

Dale Edward Gerecke, Cape Girardeau,
for plaintiffs-respondents.

KAROHL, Judge.

Garnishee Larry C. Harris appeals judg-
ment for garnishors Max Stovall Construc-
tion Company and Stovall Block and Brick
Company in the amount of $5,773.12 in a
court tried case. This garnishment pro-
ceeding was tried together with garnish-
ments against Cynthia G. Harris and James
R. McHaney. The court ruled in favor of

garnishees McHaney and Cynthia G. Harris upon a finding that at the time they were served garnishments they were not indebted to the judgment debtor, Villager Homes, Inc. Those judgments have not been appealed. However, garnishees Cynthia Harris and McHaney appeal the denial of an allowance of attorney's fees for answering, attending and defending the garnishment proceeding against them.

On December 27, 1982 plaintiffs obtained a judgment against Villager Homes, Inc. Max Stovall Construction Company secured a judgment for $2,111.72 and plaintiff Stovall Block and Brick Company secured a judgment for $5,457.25. In an effort to collect the judgments the plaintiffs jointly secured a garnishment in aid of execution which was served upon garnishee Larry C. Harris on March 17, 1983 and was returnable May 16, 1983.[1] The trial court held that Larry C. Harris was liable to the judgment creditor. Appellant Larry C. Harris contends that the judgment of the trial court is not supported by substantial evidence and that the findings of fact, conclusions of law and judgment are against the weight of the evidence and erroneously declare and apply the law under § 525.040, RSMo.1978. *See Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976). Particularly he contends that during the period of the garnishment he possessed no personal property, money, rights, credits, bonds, bills, notes, drafts, checks or other choses in action of the judgment debtor, Villager Homes, Inc.

The relationship between Larry C. Harris and Villager Homes, Inc. arises out of a real estate transaction which occurred in November 1981. This was thirteen months before garnishor's judgment against Villager Homes, Inc. If garnishee held assets of or was indebted to Villager Homes, Inc. it arose out of the real estate transaction.

On October 28, 1981 Villager Homes Inc. (styled in the contract as Villager Realty) entered into a written contract with Larry and Cynthia Harris for the sale of a residence at 2030 Andrew. The contract was on a printed Missouri Association of Realtors form. The contract referred to a lease agreement with an option to purchase. On November 23, 1981 Villager Homes, Inc. as lessor and Larry Cecil Harris and Cynthia G. Harris, his wife, as lessees entered into a lease agreement with an option to purchase the house at 2030 Andrew. On the same day the parties executed a memorandum agreement for recording referring to the covenants and agreements concerning the reciprocal rights, duties and covenants of the parties as expressed in the written lease. The memorandum, but not the lease, was recorded on November 24, 1981. On the date of the lease the parties also signed a real estate sale closing statement for the residence. The closing statement described the purchase price as $60,227.95, a down payment of $1,000.00, a balance due on an existing first deed of trust, a balance due on 1980 real estate taxes, a proration of 1981 real estate taxes, an abstract expense, and a balance of purchase price paid to seller of $8,124.89. The seller was to receive two points or $1,204.55. In addition, the sum of $1,467.48 was to be paid as part of the monthly "rent" payments between November 1981 and November 1982.

The trial court found that it was the intent of Villager Homes, Inc. and Larry and Cynthia Harris to sell and buy the property, and not to just rent or lease it. In this respect the court also found that the incentive for the lease with option to purchase arrangement was the high prevailing real estate loan interest rates as compared to the loan rate of 10¾% on the first deed of trust in favor of Colonial Federal Savings & Loan Association.

The lease agreement provided that the lessees were to pay to an escrow agent $608.94 per month rental for twelve months and thereafter $486.65 for the remaining twenty-four months of the lease. If the lessees had paid the cash due lessor-seller on closing and made the twelve rental payments for the first year then "no

---

1. In view of the judgment of the court in favor of garnishees Cynthia G. Harris and James R. McHaney we need not burden this opinion with the subsequent dates of service and return.

other sums are due lessor under the terms of this agreement." It further provided that the parties understood that the November 23, 1981 payment of $11,639.96 was to be paid directly to the lessor and be retained by it and that $122.29 per month from the monthly rent for the first year shall be transmitted to the lessor by the escrow agent—James R. McHaney. The option to purchase granted purchaser-lessees in the lease could be exercised with thirty days written notice or by paying and satisfying the full balance due on the loan account at Colonial Federal Savings and Loan Association—the holder of the note secured by a first deed of trust.

The court found that on March 17, 1983, the date Larry C. Harris was served with the summons to garnishee, the Harrises owed Villager Homes, Inc. a sum greatly in excess of the judgments due plaintiffs. Appellant Larry C. Harris contends that no sums were due Villager Homes, Inc. on that date (which we expand to include at any time during the garnishment period). As appellant's contention is correct we reverse the judgment against Larry C. Harris.

The Harrises exercised their option to purchase during the last week of March 1983. On March 31, 1983 they received from the escrow agent and recorded Villager Homes, Inc.'s general warranty deed dated November 23, 1981. On April 4, 1983 Larry C. Harris gave a check on a joint account with his wife and payable to the Colonial Federal Savings and Loan Association to that association in the amount of $49,599.03. The Harrises received the paid note and deed of trust which was then released.

All rent payments required by the lease were timely made including the March 1, 1983 rent payment. On March 31, 1983 when the warranty deed was recorded the requirement for rent payments under the lease agreement terminated. The trial court found that the sale according to the terms of the lease agreement was completed on March 31, 1983. The narrow issue becomes whether Larry C. Harris and wife were indebted to Villager Homes, Inc. in any amount between March 17, 1983 and May 16, 1983, the period of the garnishment. We find that they were not.

The lease agreement expressly provided that except for the cash payments to Villager Homes, Inc., all of which were made by December 1, 1982, "no other sums are due lessor under the terms of this agreement." Larry C. Harris was not directly obligated to Colonial Federal Savings and Loan Association. Although his payments constituted the payment of a debt owed to Colonial Federal Savings and Loan Association only by Villager Homes, Inc. it does not follow that he was obligated to Villager Homes, Inc. in the pay-off amount of $49,-599.03 (the amount due on the loan). Villager Homes, Inc. did not have a claim in that amount or in any amount against garnishee Harris and wife after December 1, 1982. By that date all sums the Harrises owed Villager Homes, Inc. had been paid except for the monthly rent payments. No rent payments became due during the garnishment period.

As the evidence on this issue is documentary and undisputed this court's duty to give due regard to the opportunity of the trial court to have judged the credibility of witnesses as provided in Rule 73.-01(c)(2) has no application here. *Insurance Co. of State of Pennsylvania v. West Plains Air, Inc.,* 637 S.W.2d 444, 446 (Mo. App.1982). The liability of a garnishee is measured by its liability to the judgment debtor. *Grimm v. Sinnett,* 567 S.W.2d 418, 421 (Mo.App.1978). A garnishee may be compelled to deliver assets of a judgment debtor to the plaintiff creditor only to the extent that the garnishee is indebted to the judgment debtor. *Geiwitz v. Geiwitz,* 473 S.W.2d 781, 783 (Mo.App.1971). Here the judgment debtor, Villager Homes, Inc., had no claim against garnishee (because Larry Harris owed it nothing) which would constitute a chose in action in garnishee's possession or charge within the provisions of § 525.040, RSMo.1978. "The right to a judgment against a garnishee depends upon it being made to appear that the

garnishee owes the principel [sic] debtor, and the creditor can claim no right where the debtor himself could not maintain an action against the garnishee." *State ex rel. Kennedy v. Harris*, 228 Mo.App. 469, 69 S.W.2d 307, 310 (Mo.App.1934). Although Villager Homes, Inc. had a reversionary interest in the real estate under the terms of the lease purchase agreement[2] the garnishment is not an execution on that interest in the real estate. Even if the execution was directed at the reversionary interest garnishee Larry C. Harris was not in possession of that interest.

■ Respondents' argument that the rental payments transferred to Colonial Federal Savings and Loan through the escrow agent and the direct pay-off to Colonial of the balance due on the note and deed of trust are assets of the debtor is not persuasive. These payments were made with garnishee Harris' funds not by funds belonging to or owed to Villager Homes, Inc. The garnishment statute attaches only the property of the judgment debtor or funds owed to the judgment debtor. Under the terms of the agreement no funds were owed to the judgment debtor. The fact that Villager Homes, Inc.'s obligation to the savings and loan association was paid off by Harris' funds is irrelevant because the judgment debtor received no benefit. Villager Homes, Inc. lost its reversionary interest. In addition, under the terms of the lease-purchase agreement Harris and his wife were authorized to pay the savings and loan directly to secure clear title to their own property. Finally, a judgment creditor may attach by garnishment only funds which the judgment debtor may obtain on date of service of the writ of garnishment, as a money demand. *Weiner v. Shredded Steel Products, Inc.*, 334 S.W.2d 390, 393 (Mo.App.1960). Villager Homes, Inc. had no valid claim for money against appellant Harris on the date of the garnishment or at any time during its period.

■ Appellants McHaney and Cynthia Harris claim error in the denial of their request for attorney's fees in answering and defending the garnishment action. Section 525.240, RSMo.1978 provides that if any plaintiff in an attachment action

shall cause any person to be summoned as garnishee, and shall fail to recover judgment against such garnishee, all the costs attending such garnishment shall be adjudged against such plaintiff, and the court shall render judgment in favor of such garnishee, against the plaintiff, for a sum sufficient to indemnify him for his time and expenses, and reasonable attorney's fees in *attending* and *answering* and *defending* in subsequent proceedings as garnishee. (emphasis added)

This statute requires that the court enter a judgment if requested. *Ellison v. Ralston*, 19 Mo.App. 537, 541 (1885). Garnishees Cynthia G. Harris and James R. McHaney made such request and have appealed the denial of an award. Garnishee Larry C. Harris made the request at trial but has not appealed the denial. We note there was service on these garnishees, execution and filing of their answers to interrogatories, exceptions to their answers, a memorandum in support of their proposed findings of fact and conclusions of law and their participation during the trial. All of these acts were in defense of a garnishment and are compensable under § 525.-240, RSMo.1978. We therefore remand to the trial court to assess the appropriate sums in their favor against defendants Max Stovall Construction Company and Stovall Block and Brick Company under § 525.240, RSMo.1978. *See McPike Drug Company v. Wilson*, 237 S.W. 1044, 1046 (Mo.App.1922). The court may determine that they shall be jointly and severally liable for the payment thereof.

The judgment against Larry C. Harris is reversed. The motions for compensation

---

**2.** The option to purchase clause of the lease provides that if the lessee defaults in the terms of the agreement so as to cause a termination of the lease or fails to exercise its options to purchase the escrow agent shall deliver the quit claim deed to the lessor for the purpose of clearing the title of record to the demised premises.

by defendants Cynthia G. Harris and James R. McHaney are remanded for further proceedings.

REINHARD, C.J., and DOWD and CRIST, JJ., concur.