Treva BREWEN, et al.,
Plaintiffs-Respondents,

v.

George C. LEACHMAN, et al.,
Defendants-Appellants.

No. 48678.

Missouri Court of Appeals,
Eastern District,
Division One.

Feb. 19, 1985.

Morris E. Stokes, St. Charles, for defendants-appellants.

William R. Hirsch, St. Louis, for plaintiffs-respondents.

KAROHL, Judge.

This is a second appeal involving plaintiffs-respondents' suit to set aside a collector's deed to real estate purchased by defendant-appellant Bernard Feinstein from George Leachman, Collector of Revenue of St. Louis County at a land tax sale. We held in *Brewen v. Leachman*, 657 S.W.2d 698 (Mo.App.1983) [*Brewen I*] that the tri-al court correctly voided the deed. This appeal contests the manner in which the trial court implemented that decree.

The underlying facts may be found in *Brewen I*. However, the details of the decree of the trial court were not made a part of the *Brewen I* opinion and are significant here. Defendant Feinstein, the successful bidder at the tax sale, paid the Collector $4,970. Plaintiffs were the record owners of the property before the tax sale. They deposited $4,970 into the registry of the court when they filed a petition to set aside the tax deed. The original decree disposed of these two sums as follows:

2. The sum of $4,970.00, hereinbefore paid into the Registry of the Court by Plaintiffs, is hereby ordered paid to the individual Defendants herein.

3. That the $4,970.00 hereinbefore collected by the Collector of Revenue at tax sale in August, 1980 shall be applied by the Collector as follows:

(a) Payment in full of all taxes, interest and penalties owing upon real estate described as Locator Numbers 17W510026 and 17W510037 in the Office of the Collector of Revenue, St. Louis County, Missouri.

(b) Reimbursement of any recordation costs advanced or paid by any Defendant herein, or the actual cost of any title report obtained or paid for by any said Defendant.

(c) Costs of this legal action, and all said other costs shall be borne by the Plaintiffs.

(d) Balance of funds in the hands of the Collector of Revenue, St. Louis County, to be forwarded to Hirsch & Rauscher, counsel for Plaintiffs, 7777 Bonhomme, St. Louis, MO

The original appeal by defendants, the purchasers at the tax sale, presented issues relating only to the contention of error in declaring the tax deed void. The original appeal did not contest the terms or sufficiency of the decree.

*Brewen I* affirmed the decree.

In order to implement the decree, defendants filed a motion requesting the following relief

... that the Court order all funds paid as consideration for said real estate at said tax sale be paid to movants, together with all taxes paid subsequent to purchase of said real estate at tax sale, together with interest thereon, and reasonable attorney's fees in prosecution of the defense of this action, and that a lien be imposed upon said real estate for the amount of the foregoing, and that movants recover their costs herein.

The trial court then entered the following order:

### ORDER

The matter coming before the Court on Motion of Plaintiff to Complete Payment of Moneys Pursuant to Appellate Judgment, being Cause No. 44468, Missouri Court of Appeals, Eastern District;

It appearing to the Court that said judgment is final; now then

The Court does order, adjudge and decree

1. George C. Leachman, Collector of Revenue, St. Louis Count, [sic] shall retain and pay the following sums from moneys previously paid to him and in its [sic] possession:

| Locator No. | 17W510037 | 17W150026 |
|---|---|---|
| Taxes, Interest and Penalty sums paid at tax sale | $290.24 | $100.54 |
| Taxes paid for 1980, 1981 and 1982 | 127.11 | 38.46 |
| Totals | $417.35 | $149.10 [sic] |

2. Costs of Court to be paid by Plaintiff.

3. $165.57, being the taxes paid for 1980, 1981 and 1982, to Bernard Feinstein, plus interest of $33.11, Total $198.68.

4. Balance to Hirsch and Rauscher, Attorneys.

5. Clerk of Circuit Court is hereby ordered to pay the sum of $4,970.00 paid into Court Registry by Plaintiffs on September 12, 1980 to Bernard Feinstein.

Defendants have again appealed contending that their motion for an order to pay out the funds was an independent civil action for which they were entitled to a change of judge; that the court erred in not granting interest on the $4,970 paid to the collector at the tax sale, and that they are entitled to attorney's fees.

We find that the original trial court judgment was a final judgment and that the trial court was without jurisdiction to alter or change that judgment. Rule 75.01. Accordingly, we affirm that part of the second order which assigned or detailed dollar values to the judgment as originally entered. The circuit clerk shall pay to defendant Bernard Feinstein $4,970; the collector shall: retain $390.78 as taxes, interest and penalty paid at the tax sale: pay to Bernard Feinstein $165.57 as reimbursement of taxes paid by him on the real estate for the years 1980, 1981 and 1982, being part of "all said other costs" contained in Paragraph 3(c) of the original judgment; and forward the balance to counsel for plaintiffs.

*State ex rel. Berbiglia, Inc. v. Randall,* 423 S.W.2d 765 (Mo. banc 1968) compels the result reached here. There a tenant sued its landlord to cancel a lease and for damages. On August 4, 1966 the trial court entered a decree declaring the lease void from and after thirty days from the date of the decree. The landlord did not appeal although an intervening assignee of defendant landlord filed a timely appeal. On December 14, 1966 defendant landlord by motion requested the court to set aside the August 4, 1966 decree because the tenant had not vacated the property. The tenant defended the motion on the ground that the August 4, 1966 judgment was a final judgment as between the tenant and the landlord. The Supreme Court noted that judg-

ments may be characterized as final in one sense or for some purposes and not in another sense or for other purposes, 423 S.W.2d at 768, and finality in the sense that the judgment is conclusive on the parties may be delayed until a timely appeal is determined. *Id.* Quoting from 30A C.J.S. Equity § 582, pp. 647–649 the court said:

> A decree is final when it fully decides and disposes of the whole merits of the cause, and leaves no further questions therein for the future judgment of the court, although ministerial or administrative action may be necessary in order to settle the details of the litigation or in the course of the execution of the decree, and although there are express orders or reservations in this regard.... In order to be final the decree must be complete and certain, ...; it must show intrinsically and distinctly, and not inferentially, that the matter has been adjudicated; it must contain the sentence of the law.... The court cannot, by its subsequent action, divest a decree of its character of finality. A final decree is not rendered interlocutory by the retention of the case on the docket, or by the subsequent rendition of another decree therein.

423 S.W.2d at 769. The court found that the August 4, 1966 decree fully decided and disposed of the whole merits of the cause between plaintiff and his landlord and left no questions for future judgment of the court. It held that respondent judge had exhausted his authority and was without jurisdiction to change, alter or modify the August 4, judgment, or to enter another. *Id.* As a result the January 17, 1967 order of the court was held to be void and ordered stricken from the record. The court rejected the defendant landlord's argument that the January 17, 1967 "judgment" was merely a construction of the August 4, 1966 judgment.

Since the original judgment became final when affirmed in *Brewen I* the trial court was without jurisdiction to consider defendants' request for interest on the $4,970 paid by defendants to the collector (between the date of payment and date of judgment), interest on the real estate taxes paid by defendants subsequent to the tax sale (to date of judgment) or attorney's fees. Because the issues presented by defendant Feinstein in this appeal were not preserved in the original appeal as an attack on the sufficiency of the original decree the trial court was without jurisdiction to consider them in the course of implementing the decree. We do not decide whether such sums could or should have been a part of the original judgment. We do not reach defendants' contention that interest would have been recoverable had defendants brought suit to quiet title under § 140.330 RSMo 1978 or had plaintiffs elected to redeem the property under § 140.340 RSMo 1978 because the equitable suit to set aside the deed did not rely on either of these statutory alternatives.[1] The original decree did not provide for interest or attorney's fees and that judgment became final by reason of our decision in *Brewen I. Berbiglia*, 423 S.W.2d at 768; *See also State ex rel. Mason v. Schmoll*, 37 S.W.2d 972, 973 (Mo.App.1931). As the trial court could not alter the order, all that remained was the enforcement of the judgment. The order of the trial court is affirmed insofar as it followed the original decree and modified as required by this opinion.

PUDLOWSKI, P.J., and GAERTNER, J., concur.

---

**1.** Both statutes offer support for defendants' view that the purchase price paid by a successful bidder at a tax sale will bear interest if the purchaser is unable to quiet title in himself under § 140.330.2 RSMo 1978 or if the property owner redeems under § 140.340.1 RSMo 1978.