Kaye MAYER, successor to Ludwig Mayer, Plaintiff-Appellant,

v.

Raymond V. CLIFFORD, Circuit Clerk of St. Louis County, Garnishee-Respondent,

and

Bernard D. Feinstein, Defendant.

No. 50780.

Missouri Court of Appeals, Eastern District, Division One.

July 22, 1986.

William R. Hirsch, St. Louis, for plaintiff-appellant.

Don R. Williams, Clayton, for garnishee-respondent.

SMITH, Judge.

Plaintiff appeals from an order of the trial court sustaining the motion of garnishee to set aside a payout order in a garnishment proceeding. We affirm.

The garnishment was commenced in October 1983 to satisfy a judgment rendered against Bernard Feinstein in 1974. It was directed against Clifford as the Circuit Clerk of St. Louis County. In response to plaintiff's interrogatories the garnishee responded that it held money belonging to defendant Bernard Feinstein: "Cash. $4970.00. Deposited in Court Registry by plaintiffs in Cause No. 444366." Cause No. 444366 was a lawsuit entitled Brewen et al. v. Leachman, Collector of Revenue, Elbert Ewing, Bernard Feinstein and Beatrice M. Feinstein. Plaintiff filed no response to the answers to interrogatories. On August 9, 1983, this court handed down its opinion in *Brewen v. Leachman,* which became final on appeal on September 15, 1983. See *Brewen v. Leachman,* 657 S.W.2d 698 (Mo.App.1983). Thereafter our mandate issued. That mandate affirmed the judgment of the trial court which had ordered that "the sum of $4,970.00, hereinbefore paid into the Registry of the Court by Plaintiffs, is hereby ordered paid to the individual *defendants* herein." (Emphasis supplied). Some dispute arose concerning that judgment. The trial court attempted to change the provisions of the prior decree. That attempt came before us in *Brewen v. Leachman,* 686 S.W.2d 865 (Mo. App.1985). We held that the trial court lacked the jurisdiction to alter the order and affirmed the second decree insofar as it followed the original decree and modified it to the extent it did not. Our mandate was issued March 11, 1985.

On January 11, 1985, the trial court in this garnishment proceeding ordered no distribution of the funds in the Court Registry until the issues concerning the distribution were resolved in *Brewen v. Leachman.* On April 30, 1985, plaintiff sought a payout order. That motion was sustained on June 12, 1985. On July 9, the garnishee filed its motion to set aside the payout order. That motion set forth the history of the proceeding and of the Brewen case. It further alleged that on or about March 26,

1985, pursuant to the mandate of this court the garnishee paid out the money to Bernard Feinstein "which exhausted the said funds previously paid into Court...." That motion was sustained on October 10, 1985, and this appeal followed.

■ Plaintiff contends that the trial court lacked jurisdiction to set aside the payout order. If the payout order is a final judgment, the trial court retains control of such judgments for only 30 days in the absence of a timely filed post-trial motion. *Flynn v. First National Safe Deposit Company,* 284 S.W.2d 593 (Mo.1955) [8]. Rule 75.01. The motion to set aside the payout order was not a timely filed post-trial motion and did not extend the court's jurisdiction beyond the thirty days. Rules 73.01, 81.05.

■ However, the payout order of June 12 was a nullity for there were no funds against which it could operate. A garnishment is a proceeding in rem to impress upon a debt or chose in action the lien of a judgment. *Blanton v. United States Fidelity and Guaranty Co.,* 680 S.W.2d 206 (Mo.App.1984) [1]. If the res does not legally exist in the hands of the garnishee then there is nothing against which the lien can operate, and the trial court has nothing upon which to base jurisdiction. Upon the filing of our mandate in *Brewen v. Leachman II, supra,* on March 11, 1985, the prior decree ordering distribution to the individual defendants became effective and mandatory. Had that decree provided for distribution to Bernard Feinstein alone the garnishment would have been effective, for distribution under the garnishment to his creditor would be a distribution to him. *Max Stovall Construction Company v. Villager Homes, Inc.,* 684 S.W.2d 562 (Mo.App.1984) [1–3];

*Grimm v. Sinnett,* 567 S.W.2d 418 (Mo. App.1978) [8–11]. But the decree of the court and our mandate implementing it did not provide for distribution to Bernard Feinstein alone. The entire sum was to be distributed to the "individual defendants" without designation of respective shares. Each defendant had an undivided interest in the entire sum and a garnishment against one individual does not reach such commonly held funds. *Jenkins v. Jenkins,* 243 S.W.2d 804 (Mo.App.1951) [3–5] cert. denied *Barnett v. Jenkins,* 344 U.S. 836, 73 S.Ct. 45, 97 L.Ed. 650 (1952). The answer of the garnishee reflects the circumstances of the payment into the registry of the court, i.e., that it was deposited by plaintiffs in Cause No. 444366. Its distribution therefore depended on the outcome of that suit and that outcome we have previously outlined. Upon entry of our mandate the garnishee was obliged to distribute the proceeds to the three defendants jointly and no longer legally had possession of the res.[1] The June 12 order was a nullity. The order of June 12 being a nullity, there was no "judgment" under Rule 75.01 to limit the court's jurisdiction in setting aside the June 12 order. *Gerding v. Hawes Firearms Co.,* 698 S.W.2d 605 (Mo.App.1985) [5]. Its order was proper.

Order of the trial court affirmed.

SNYDER, C.J., and CARL R. GAERTNER, P.J., concur.

---

1. If garnishee in fact distributed the money solely to Feinstein that is of no benefit to plaintiff. What is the effect of such distribution as between the three defendants and/or garnishee is not before us. Plaintiff's garnishment ran to funds owed Feinstein, not funds owed Feinstein and others.