UNITED STATES of America, Plaintiff,

v.

AMONG OTHERS, AN ARTICLE OF DRUG FOR VETERINARY USE, et al., Defendants.

SUSSEX DRUG PRODUCTS CO., Plaintiff,

v.

KANASCO, LTD., et al., Defendants.

Nos. 86–1278–CV–W–8, 91–W–9387–1.

United States District Court, W.D. Missouri, W.D.

Jan. 7, 1992.

Jean Paul Bradshaw, Edward Funston, U.S. Atty's. Office, Kansas City, Mo., Eric M. Blumberg, Associate Chief Counsel for Enforcement, Food and Drug Admin., Rockville, Md., for U.S.

Thomas S. Stewart, Douglas R. Dalgliesh, Lathrop & Norquist, Kansas City, Mo., for Among Others, an Article of Drug for Veterinary Use and Kanasco, Ltd.

Spencer J. Brown, Philip R. Dupont, Deacy & Deacy, Kansas City, Mo. and Robert J. Candido, Cedar Grove, N.J., for Sussex Drug Products.

## ORDER

STEVENS, District Judge.

These actions come before the court under unusual circumstances. The underlying action, *United States of America v. Among Others, an Article of Drug for Veterinary Use, et al.,* has had a colorful history which, for the most part, this court has watched from the sidelines. On September 17, 1991, the court issued a Consent Order ("the September 17 order"), originally agreed to and submitted by the Assistant United States Attorney on the case, defendant John D. Copanos in his positions as president of defendants Kanasco, Ltd. and John D. Copanos & Sons, Inc. ("the Companies"), and counsel for the Companies. As a result of this Consent Order, money was deposited with the Clerk of the Court on the Companies' behalf. The second styled action named in the caption is a garnishment proceeding which seeks to attach all monies of the Companies now in the court's Registry. In response, the Companies have filed a motion to quash the garnishment summons and praecipe. For the reasons below, this motion will be granted.

### Facts

The relevant facts will be noted briefly. On March 12, 1991, the court entered an order requiring the Companies, *inter alia,* to post a penal bond in the amount of

$837,500 to pay for the cost of storing and eventually destroying articles of drug previously condemned by the court. When the Companies failed to comply with this order by June of 1991, the government moved for an order to show cause why the Companies and Copanos should not be held in contempt, an order which issued on August 16, 1991. Soon thereafter, the September 17 order was entered, essentially putting to rest the contempt issue.

As part of that order, the Companies acknowledged that they were jointly and severally liable for destruction of the drugs and must comply with each of the court's orders. Also, they agreed to deposit with the Clerk of the Court, within three days of entry of the order, a $350,000 certified check, payable to the United States of America. This check was to be held by the Clerk as a penal bond, securing the Companies' compliance with the court's various orders. The monies were also to be applied toward payment for destroying and storing the condemned articles of drug, and to cover the costs of the Food and Drug Administration ("FDA") for supervising and administering the destruction of these drugs. In the event the Companies failed to comply fully, the order provided that they would forfeit the $350,000 to the United States, with none of the monies to be used to pay costs of destruction, storage or FDA supervision. In that case, the Companies would remain jointly and severally liable for compliance with each of this court's orders. On the other hand, if the Companies did comply with the court's orders, and the costs of compliance were less than $350,000, the parties agreed the excess would be refunded to the Companies.

The Companies posted the penal bond with the Clerk of the Court in a timely fashion. On December 5, 1991 the government filed with the court a Notice of Partial Satisfaction, advising it that the Companies had caused the condemned drugs to be destroyed, but they were not, as of that date, in compliance with the rest of the September 17 order. Also on December 5, claimant Coopers Animal Health Inc. ("Coopers") filed a request for a determination, by the court, of its storage costs and for an order directing the Companies to reimburse Coopers in that amount, as provided for in the Consent Order. A similar request for storage costs was filed by Sussex Drug Products Co. ("Sussex") on December 11, 1991. On December 16, this court issued a second Consent Order ("the December 16 order"), signed by the government and an attorney for the Companies, which directed the Clerk of the Court to pay several claimants for storage and destruction costs and related items. Coopers was included in this group.

Four days before the December 16 order, and unbeknownst to the court at the time it signed that order, Sussex filed the garnishment summons and praecipe that are now at issue. The garnishment summons purports to attach, levy upon and seize all monies deposited with the Clerk of the Court by the Companies or Copanos, including the $350,000 held by the Clerk as a penal bond pursuant to this court's September 17 order. Sussex seeks to garnish these monies in order partially to satisfy a judgment entered in the United States District Court for the District of New Jersey in Sussex's favor and against the Companies and Copanos in his individual capacity in the amount of $1,168,270.13 plus post-judgment interest. That judgment was registered with this court on December 1, 1991, a procedure provided for in 28 U.S.C. § 1963 (1991). The praecipe requests the Clerk of the Court, as garnishee, "to return the garnishment summons with an endorsement thereon showing the manner of your compliance with its terms, together with the proceeds by Monday, January 13, 1992." For the reasons indicated in this order, the court believes it is proper and necessary to quash Sussex's garnishment summons and praecipe since they are premature.

■ The rules of garnishment are a product of both federal and state law. *See* 15 U.S.C. §§ 1671–1677; Mo.Ann.Stat. §§ 525.010–525.320 (Vernon 1991). In Missouri, the rule is that a garnishee may be compelled to payout to a creditor the monies and assets of a judgment debtor only to the extent the garnishee is indebted to

the judgment debtor. *Max Stovall Constr. Co. v. Villager Homes, Inc.*, 684 S.W.2d 562, 564–65 (Mo.App.1984) (citation omitted). In other words, if the garnishee does not owe anything to the judgment debtor at the time of the garnishment, then there is nothing for the creditor to attach by garnishment. Also, in Missouri funds deposited with the court pending the outcome of litigation are immune from garnishment by creditors unless the court has determined to whom the funds belong. *Oliver v. Fisher*, 430 S.W.2d 611, 614 (Mo.App.1968).

■ In the instant case, there are no funds in the Registry of the court that Sussex may garnish since the Clerk of the Court, the garnishee, now owes no money to the judgment debtors, Copanos and the Companies. According to the September 17 order, the $350,000 paid into the court's registry is a penal bond. The money is there to cover payment of the destruction and storage of the condemned drugs and the FDA's supervision costs. In the event that the Companies fail to comply with the September 17 order, the government would be entitled to keep the $350,000 and the Companies would still have to comply with the September 17 order.

Right now, there clearly is confusion among the parties and claimants concerning the extent to which the Companies are in compliance with the September 17 order. On file with the court is a letter from the government noting only partial compliance, and there are requests from several claimants for reimbursement of storage, destruction and related costs, including one from Sussex. The Companies claim to have paid in full the FDA and all storage facilities except Sussex, which has been paid about $44,000 of its total claim of $62,300. These claims of payment have not yet been substantiated. The only thing clear in this confusion is that as of this date the Companies and Copanos are not entitled to reclaim any of the monies deposited with the court, and therefore the Clerk is not indebted to them. They may become entitled to some payment when they have fully complied with the September 17 order and there is money left over, but until that time the monies on file may be owed to any number of claimants or the government.

This case demands immediate action by the court. According to the garnishment summons, Sussex seeks to attach the "balance" of the funds paid into the Registry on behalf of the Companies. The praecipe filed by Sussex requests a response from the Clerk's office by January 13. Until that action is settled, the funds in the Registry are essentially frozen. With the specter of a garnishment proceeding hanging over it, the Clerk's office cannot pay money out to any party or claimant, rendering it unable to comply with the court's December 16 order. Thus, although the Companies' motion to quash may not be fully ripe for a ruling since Sussex has not had time to respond, the court will quash the garnishment summons and praecipe because they are premature. In doing so the court is addressing itself only to the ripeness of Sussex's garnishment action. The court does not express any opinion on other objections the Companies raise to the garnishment summons and praecipe.[1] Obviously, Sussex may bring another garnishment proceeding at the appropriate time, and all objections to the proceeding will be addressed thereafter.

The court wishes to bring an end to this protracted litigation and, toward that end, it will hold a hearing to determine the status of the claimants and parties involved in the underlying action. Unfortunately, the court is not in receipt of the information it needs to notify all parties and claimants, so counsel for the Companies is ordered to provide the court with that information. An order scheduling the status hearing will follow. Accordingly, it is

ORDERED that the Companies' motion to quash the garnishment summons and

1. For instance, the Companies contend that the New Jersey court's order is not final, but is still appealable. Also, they argue that the monies posted by Copanos personally are not subject to garnishment since he was not a defendant in the New Jersey case, and since Copanos and his sons, who posted the bond, are non-parties to the underlying action, they have priority over Sussex. It is too early for the court to rule on these objections.

praecipe of claimant Sussex Drug Products Co. is granted; further, it is

ORDERED that counsel for the Companies provide the court with a list of all persons, companies and corporations it knows to have a claim against the Companies for storage, destruction, or any other costs related to the destruction of articles of drug condemned in Case Number 86–1278–CV–W, regardless of the status of the claim. The Companies should indicate on this list whether or not they have paid the claim, and the list should include an address for each claimant to which notice of the status hearing may be sent. The list shall be filed within fifteen days of receipt of this order and shall be accompanied by an affidavit of counsel stating that the list is exhaustive of all claimants in this action; further, it is

ORDERED that the Clerk of the Court shall disburse monies in its possession in a manner consistent with the Consent Order entered December 16, 1991.