**PEOPLE FOR THE ETHICAL TREAT-
MENT OF ANIMALS, a/k/a PETA, a
not-for-profit corporation, Plaintiff–
Respondent,**

v.

**Bohumil BEROUSEK, a/k/a Bobby
Berosini, Defendant–
Appellant.**

**No. 22464.**

Missouri Court of Appeals,
Southern District,
Division One.

June 3, 1999.

J. Patrick Sullivan, Branson West, for Appellant.

Beverly D. Garner, of Polsinelli, White, Vardeman & Shalton, P.C., St. Louis, for Respondent.

PREWITT, Presiding Judge.

This appeal arises out of a 1996 judgment originally entered in Clark County, Nevada, in favor of Plaintiff, People for Ethical Treatment of Animals (hereinafter PETA), and others, against Defendant, Bohumil Berousek, a/k/a Bobby Berosini. Pursuant to Rule 74.14, PETA filed a Petition for Registration of Foreign Judgment in the Circuit Court of Taney County, on March 17, 1998. PETA later filed two requests for garnishment. Berosini appeals the denial of his motion to quash one of the garnishments.

The Nevada judgment ordered Defendant to pay PETA $228,625.48, plus interest and attorney fees. In 1998, the judgment was modified, reducing the award to $201,629.90. The judgment remains unpaid. Upon learning of pending litigation between Great Southern Savings Bank ("Great Southern") and the owners of Wild Things Productions, Inc., PETA registered the Nevada judgment in Taney County,

Missouri. The Taney County case, *Great Southern Savings Bank v. Wild Things Productions, Inc., Bobby Berosini, Joan Berosini, Kirby Van Burch, and Melanie Van Burch,* Case No. CV794–188CC, was an interpleader action initiated by Great Southern to determine ownership of funds it held on behalf of Wild Things Productions, Inc. Defendant owned fifty-percent of the shares in Wild Things Productions, Inc.

On April 2, 1998, PETA filed a Request and Order for Execution, Garnishment or Sequestration, which identified the Circuit Clerk of Taney County as the garnishee and Defendant as the debtor. Defendant filed a Motion to Quash Garnishment on May 21, 1998, and noticed the motion for hearing on May 29, 1998.

On or about May 6, 1998, Defendant, Van Burch and Great Southern announced they had entered into a settlement of the claims arising from the interpleaded funds and signed a "Stipulation" which provided that $25,745.90 be paid into the trust account of Defendant's counsel, for the benefit of Defendant. After the trial court signed the judgment proposed by Defendant's counsel, the Circuit Clerk advised the trial court that the funds were subject to a garnishment. The trial court instructed the Clerk not to distribute the funds until the issues raised by the garnishment had been resolved.

Upon learning of the settlement of the interpleader action, PETA filed a second request for garnishment on May 29, 1998. The request and interrogatories were served upon the Circuit Clerk of Taney County, as garnishee, on the same day. The request identified Defendant as the debtor and specifically identified the property to be garnished as "funds in court registry in CV794–188CC." Defendant did not file a written motion to quash the May 29 garnishment, but made an oral motion to quash at the hearing scheduled on his previous motion.

On June 3, 1998, the trial court granted, without explanation, Defendant's Motion to Quash the April 2 garnishment, and denied Defendant's oral motion to quash the May 29 garnishment. On July 24, 1998, the Circuit Clerk filed responses to the Interrogatories to Garnishee served on her with the May 29 garnishment. The Circuit Clerk responded that she had in her possession on June 28, 1998, the sum of $25,-948.90, which were funds "ordered paid to the Clerk," identified as interpleader funds in Case No. CV794–188CC. Also on July 24, 1998, the trial court entered an "Order for Delivery of Money," finding that PETA had "properly garnished and [was] entitled to said money pursuant to the garnishment." Defendant claims the trial court improperly overruled his Motion to Quash the garnishment.

■ Review of non-jury cases is governed by Rule 73.01(c). For interpretation of that rule, see *In re Marriage of Lafferty,* 788 S.W.2d 359, 361 (Mo.App.1990). The decision of the trial court is presumed correct, and it is the appellant's burden to demonstrate otherwise. *Runny Meade Estates, Inc. v. Datapage Technologies Int'l, Inc.,* 926 S.W.2d 167, 168 n. 2 (Mo. App.1996). Appellant has failed to meet this requirement.

PETA's request for garnishment complied with Sec. 525.010, RSMo 1994, and Supreme Court Rule 90. The garnishee, the Clerk of the Circuit Court of Taney County, was promptly served with the garnishment and interrogatories following the filing of both garnishments. The first garnishment was filed on April 2, 1998. Defendant attacks the failure to quash the second garnishment, filed on May 29, 1998, arguing that the court's ruling should "relate back" to the prior garnishment. No authority for this proposition is presented to us. The trial court quashed the first garnishment without explanation, but Defendant appears to take the position that the garnishment was quashed because it cannot be established that he was the owner of the funds prior to the stipulation of

the parties, which occurred on or about May 6, 1998.

■ Whether funds held in a court's registry can be garnished prior to a determination of ownership of funds held by the court in an interpleader action has previously been decided. "As a general rule, funds deposited in court to await the outcome of litigation are immune from garnishment by creditors, but that may not always be true if it has been judicially determined to whom the funds belong." *Oliver v. Fisher*, 430 S.W.2d 611, 614 (Mo. App.1968). *Also see United States v. Among Others, An Article of Drug for Veterinary Use*, 780 F.Supp. 666, 667–68 (Mo.W.D.1992).

■ In the case before this court, the parties in the underlying interpleader action, *Great Southern Savings Bank v. Wild Things Productions, Inc., et al.*, signed a "Stipulation" which provided for the sum of $25,745.90 to be paid into the trust account of Defendant's attorney on behalf of Appellant. A docket entry dated May 6, 1998, recognized the Stipulation. It was noted there that "the ct signed the judgment proposed by atty Sullivan." Therefore, it had been judicially determined that a portion of the funds belonged to Defendant by the time the May 29 garnishment was filed.

Service upon the clerk of the court was made the same day the May 29 garnishment was filed. The return date was June 28, 1998. The service attaches the property subject to garnishment in the garnishee's possession or charge or under the garnishee's control at the time the writ of garnishment and summons is served and continuing through the time of the return date of the writ. Rule 90.04. On the date the second garnishment was filed, the clerk had in her possession or control funds that were designated as belonging to Defendant and were subject to the May 29, 1998 garnishment. The trial court's denial of the motion to quash the garnishment was not in error.

The circuit court's order denying Defendant's motion to quash is affirmed.

CROW, J., and PARRISH, J., concur.